**SOUTHERN PACIFIC COMPANY,**
Appellant,

v.

**Willett WILSON et al., Appellee.**

No. 174.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 30, 1965.

Rehearing Denied Jan. 27, 1966.

Proctor, Houchins, Anderson, Smith & Null by Conde N. Anderson and James N. Stofer, Victoria, for appellant.

Willett Wilson, Houston, for appellee.

SHARPE, Justice.

This appeal is from a judgment rendered in a condemnation case in favor of appellees in the amount of $33,786.70. Southern Pacific Company, appellant here, was the plaintiff (condemnor) and Willett Wilson and his sister, Christine Wilson, appellees here, were defendants (condemnees) in the court below.

Appellant condemned an easement for railroad right-of-way purposes over a 4.723 acre strip which was part of a 121.72 acre tract of land out of the M. Sanches survey, Calhoun County, in the city of Port Lavaca, Texas. The jury fixed the value of the strip taken for the easement at $6,580.00 and the difference in value of the remaining 116.997 acres before and after the taking of said strip at $27,206.70, aggregating $33,786.70.

On this appeal, appellant, by three points, contends that the trial court erred, in substance, as follows: (1) in admitting certain testimony of appellees' witness Sames with regard to market values of the property in question and in refusing to strike the same on appellant's motion, (2) in refusing to admit certain testimony of the witness Sames developed on cross-examination concerning market values, and (3) in overruling appellant's objection to a jury argument by counsel for appellees and in failing to grant a motion for mis-trial on account of same.

Under point one, appellant contends that the trial court should have stricken the testimony of the witness Sames because his opinion as to market value was shown by questions propounded on cross-examination to be based on "asking or offering prices" of property located in the vicinity. Appellant argues that such "asking or offering prices" are wholly insufficient as the basis for an opinion concerning market value and are inadmissible as evidence of same, relying upon West v. State, 150 S.W.2d 363 (Tex.Civ.App.1941, n. w. h.), and cases therein cited.

The record reflects that on direct examination Sames was qualified as an expert witness and gave his opinion concerning the market values in question based upon his general knowledge and experience, on two comparable sales of property in the vicinity, as well as upon personal knowledge of the 121.72 acre tract involved. He testified that the strip taken had a reasonable market value of $2,198.28 per average acre, amounting to $10,404.47, by calculation. As to the remaining 116.997 acres, he testified that it had a reasonable market value of $2,202.-26 per average acre before and $1,614.30 after the strip was taken, or a difference of $587.96 per average acre. He testified, as did the other value witnesses, that some portions of the tract were more valuable than others, particularly for a community shopping center and for residences.

On cross-examination by counsel for appellant, the following took place:

"Q. In making this appraisal and determining your estimate of this ten thousand dollars an acre did you consider any sales of comparable property fronting on Austin Street?

A I considered sales of comparable property fronting on Austin Street and also property that was being offered for sale, and also the availability of property.

Q You considered the asking price, is that correct?

A Offered for sale. That's correct.

"MR. ANDERSON: We move that the witness's opinion on this entire ten

acres be stricken, Your Honor. It's based on hearsay, offering prices. That's not the proper basis of an opinion of an expert. Only actual sales of property of comparable situations or comparable circumstances are permissible as the basis of an expert's opinion. We move that his entire testimony of this ten acres be stricken.

"MR. WILSON: I think, Your Honor, that the cases all hold that an appraisal witness can consider everything. He can consider terrain; he can consider improvements; he can consider offering prices for sale, offering prices to purchase. In other words, he uses that conglomeration and accumulation of information to base his appraisals and I think it's permissible, Your Honor.

"THE COURT: I believe the objection is based to the weight rather than the admissibility.

"MR. ANDERSON: I understand my objection is overruled? Note my exception."

■ Sames did not testify as to any specific "asking or offering" price, and the authorities relied on by appellant are not in point on the contention made here. The acquaintance of the witness with "asking or offering prices" was a part of his general knowledge and experience in the real estate business and did not make his testimony inadmissible or subject to a motion to strike. State v. Thompson, 290 S.W.2d 319, 323 (Tex.Civ.App.1956, writ. ref., n. r. e.); State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 200, 979 (1936); Rayburn, Texas Law of Condemnation, § 128, p. 404. Appellant's point one is overruled.

■ Under its second point appellant contends that the trial court denied it the right of cross-examination to test the opinion of the witness Sames in rebuttal to testimony given by him on direct examination. Appellant says that the trial court

erred in refusing to admit certain testimony of that witness sought to be elicited on cross-examination, and, after appellees' objection was sustained, developed out of the presence of the jury on bill of exception. Such testimony related to the basis or reasons for the opinion of the witness as to the market value of the property in question. Specifically, counsel for appellant questioned the witness about a subdivision located in the city of Victoria, Texas, in another county; about persons, including a district judge, who lived in it, and the cost of homes situated there. When that line of questioning was begun, the trial court sustained appellees' objection on the ground that the property inquired about was not shown to be comparable. After appellant had developed the testimony of Sames on bill of exception, and re-offered it, the trial court ruled as follows:

"THE COURT: I had excluded that testimony for reason of the fact that it's not comparable property; it's not located in the same county; it's in a town of forty or fifty thousand population compared to a town of ten thousand; and that it's not comparable property to make a comparison by; therefore, your request is being denied."

The trial court ruled correctly in sustaining appellees' objection to the proferred testimony and in refusing to grant a mistrial. That the time the witness Sames was asked questions by counsel for appellant about a subdivision in another county and concerning specific persons who lived there, testimony had been developed to the effect that some persons lived next to railroad tracks and others preferred not to do so. Sames had testified, in substance, that some people did not mind living next to a railroad track but that they didn't move there because it was located there; that a railroad track did not add anything to value, and, if anything, detracted from it, partly because of noise and vibration. The cross-examination of Sames covers about 35 pages in the statement of facts. Appellant

was afforded ample opportunity to test the accuracy and credibility of Sames's testimony. In Holcombe v. City of Houston, 351 S.W.2d 69, 73 (Tex.Civ.App.1961, n. w. h.), the court said:

" * * * Both with regard to time, distance and comparability a great deal of discretion is vested in the trial court in determining the admissibility of such testimony and his action will not be overturned unless an abuse of discretion is shown. Coastal Transmission Corp. v. Lennox, Tex.Civ.App., 331 S. W.2d 778, no writ history; City of Houston v. Collins, Tex.Civ.App., 310 S.W.2d 697, no writ history; Joyce v. Dallas County, Tex.Civ.App., 141 S. W.2d 745, no writ history; City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808; Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575, ref., n. r. e.; Thompson v. State, Tex.Civ. App., 319 S.W.2d 368, no writ history."

The matters complained of by appellant under its second point do not reflect error; and, if they did, the same would be harmless. Rule 434, Texas Rules of Civil Procedure. State v. Thompson, 290 S.W.2d 319 (Tex.Civ.App.1956, wr. ref., n. r. e.). Appellant's second point is overruled.

Under its third point, appellant contends that the trial court erred in overruling its objection to a jury argument made by counsel for appellees and in failing to grant a mistrial on account thereof. The argument, objection and motion are reflected by the record as follows:

"MR. WILSON: * * * Mr. Duke's value is a better criterion of value than Mr. Sames', although Mr. Sames' value is lower than what actually that Burk property, * * * which is your comparable tract, actually the most comparable tract in the area * * * sold for. In other words, Sames' value is less than Burk's value; Duke's is more. The railroad value gets down to practically nothing. They don't believe that property is

worth anything out there. It's worth a lot of money to them. They're going to haul a million four hundred thousand tons of rock * * *

"MR. ANDERSON: We object. He is now arguing the value to the railroad of the easement being acquired. That's not a proper inquiry or the proper measure of damages, and we submit that it's an appeal to the prejudice of the jury and we move for a mis-trial on the basis of that.

"MR. WILSON: The railroad, Your Honor * * *

"THE COURT: Overruled.

"MR. ANDERSON: Note our exception. The mis-trial is overruled?

"THE COURT: Yes."

Appellant specifically contends that counsel for appellees was arguing matters not contained in the record; that the argument as to the value of the easement to the railroad was improper and an appeal to the prejudice of the jury and probably influenced it to award higher damages to the appellees than otherwise would have been done.

Appellant offered the testimony of one of its employees to show how and why the route for an industrial spur track was selected and that the purpose of constructing the track was to serve a contractor who had been awarded a jetty project across Cavallo Pass; and that some million four hundred thousand tons of material were to be moved in "to enable Port Lavaca, Alcoa, the plant area, and the entire community to gain access to deep water."

The portion of the argument that the railroad was "going to haul a million four hundred thousand tons of rock" was based upon evidence to that effect offered by appellant, and was, therefore, invited. Error is not presented on that phase of the case. However, the additional argument "It's worth a lot of money to them (mean-

ing the railroad)" was improper because it was partly based upon the value of the property being condemned to the condemnor. See Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236. We, therefore, will examine the record briefly to determine if reversible error is presented.

On the trial of the case each side presented two expert witnesses as to market values. On the question of the market value of the condemned 4.723 acre-strip, appellees' witness Sames testified to $10,-404.47 (calculated at $2,198.28 per average acre), and their witness Duke to $12,550.00 (calculated at $2,661.30 per average acre). Appellant's witness Brown valued the strip at $7,146.00 (calculated at $1,513.00 per average acre), and its witness Lempert valued it at $5,000.00. No question was raised as to any remaining value to the owners in the strip taken, and no issue was submitted to the jury concerning it. It is apparent that the jury award for the strip in the amount of $6,580.00 is supported by the testimony of appellant's witness Brown. Such award is considerably less than the amounts testified to by the witnesses for appellees.

On the question of damages to the remainder of appellees' tract, appellees' witness Sames testified that it had a reasonable market value of $2,206.26 per average acre before the strip was taken and $1,614.-30 afterward, a difference of $587.96 per average acre. Appellees' witness Duke testified that appellees' remainder had a reasonable market value of $2,661.30 per average acre before the strip was taken, and $1,330.60 afterward, a difference of $1,330.70 per average acre. Appellant's witness Brown testified that the tract had a reasonable market value of $1,513.00 per average acre before the strip was taken, and that the only reduction in value of the remainder was to a 1.42 acre tract, amount-

ing to $1,065.00. Appellant's witness Lempert testified generally that before the taking some of appellees' remaining property was worth $50.00 a front foot (along Austin Street); that a wooded area along a drainage ditch was worth $600.00 an acre, and that the reasonable market value of the land below said ditch was $1500.00. Lempert testified that, in his opinion, that the only reduction in value to the remainder caused by the taking of the strip was to a small tract of about two acres, amounting to about $200.00.

The testimony of Sames, if fully credited, would have resulted in an award for damages to appellees' remainder on the basis of $587.96 per average acre. Duke's testimony, if fully credited would have resulted in an award on the basis of $1,330.70 per acre. The jury award of $27,206.70 on the remainder amounts to about $233.00 per average acre, and is less than one-half of the amount testified to by Sames, and less than one-fifth of the amount testified to by Duke. Aside from the matters argued under appellant's points one and two, the legal and factual sufficiency of the evidence to support the verdict is not questioned, and no point is raised that the verdict is excessive.

In this state of the record, it is not demonstrated that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court. See Rule 434, T. R.C.P.; State v. Sides, 348 S.W.2d 446, 451 (Tex.Civ.App.1961, wr. ref., n. r. e.). Appellant's point three is overruled.

The judgment of the trial court is affirmed.