The STATE of Texas, Appellant,

v.

Emeric M. BAKER, Appellee.

No. 291.

Court of Civil Appeals of Texas.

Corpus Christi.

May 31, 1967.

Crawford Martin, Atty. Gen., Menton Murray, Asst. Atty. Gen., Austin, for appellant.

Francis I. Gandy, Jr., of Butler, Schraub & Gandy, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment in a condemnation case wherein the State of Texas as condemnor acquired title to two lots and the improvements thereon in the City of Corpus Christi, Texas, for use in connection with Interstate Highway 37. The jury found that the reasonable market value of the property condemned was $48,000.00. The final judgment entered in the case nunc pro tunc recited that the commissioners had theretofore awarded the condemnee the amount of $49,848.00 (which had been deposited in the registry of the court and withdrawn by condemnee) and rendered judgment that appellant recover from appellee $1848.00, with interest from the date of said deposit, said sum being the difference between the amount found by the jury and that awarded by the commissioners.

Appellant asserts eleven points of error. The first three points involve alleged errors which have been cured by entry of a nunc pro tunc judgment and will not be further considered. Points four, five and six assert in substance that the evidence is legally and factually insufficient to support the jury finding on the single special issue submitted concerning market value of the property condemned, and that the amount of $48,000.00 so found is excessive. Points seven and nine complain of arguments made by counsel for appellee. Point eight asserts that the admission into evidence of a photograph (Defts. Ex. 16) constituted prejudicial error causing an excessive verdict. Points ten and eleven are based upon alleged cumulative error causing an improper and excessive judgment.

We have concluded that none of appellant's points present reversible error and that the judgment should be affirmed.

Appellant's points four, five and six, asserting legal and factual insufficiency of the evidence to support the jury answer as to market value, will be considered under applicable rules stated in the case of Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965). On the trial of the case three witnesses testified and numerous exhibits were admitted into evidence. Appellant's evidence consisted of the testimony of one expert witness and its exhibits. Appellee's evidence consisted of his own testimony, that of an expert witness and his exhibits. The date of taking was May 25, 1961. The property condemned consisted of two city lots and a building containing 3,686 square feet, used by appellee for a printing business.

Mr. Bob Crow, appellee's expert witness testified that in his opinion the reasonable market value of the property condemned was $52,500.00. Appellee testified that the reasonable market value of the property was $58,000.00. Appellant's expert witness, Mr. Gregory Moore, testified that the reasonabe market value of the property was $27,000.00. The two expert witnesses testified at length on direct and cross examination concerning the methods by which they arrived at their final evaluations, in-

900

cluding replacement approach, income approach and comparable sales. Appellee testified concerning the purposes for which the property had been and could be used. Both expert witnesses were shown to be qualified as such, and their testimony reflected the usual differences of opinion concerning value and the various approaches used in arriving at the same. The jury award of $48,000.00 was $10,500.00 less than that testified to by appellee, $4,500.00 less than the value fixed by Mr. Bob Crow, and $21,000.00 more than that fixed by Mr. Gregory Moore. The credibility of the witnesses and the weight to be given their testimony was within the province of the jury as the fact finder. The evidence was legally and factually sufficient to support the award made, and it is not excessive. See: Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151, 156 (1950); Natural Gas Pipeline Company of America v. Towler, 396 S.W.2d 917 (Tex.Civ.App., Corpus Christi, 1965, n. w. h.); South Texas Electric Cooperative, Inc. v. Ermis, 396 S.W.2d 955 (Tex.Civ.App., Corpus Christi, 1965, n. w. h.). Appellant's points four, five and six are overruled.

Appellants by their points seven and nine assert that reversible error was committed in arguments made by counsel for appellee. Appellant's point seven is grouped for briefing with its points four, five and six. Aside from the re-statement of point seven, we find nothing relating to the alleged improper argument of appellee's counsel in this section of appellant's brief. Appellant's point nine reads as follows:

"The trial court erred in overruling appellant's amended motion for new trial because of the improper, prejudicial and harmful argument of appellee's attorney."

In the statement and argument under this point appellant discusses a number of arguments made by counsel for appellee. Some of the arguments complained of were proper; some were not objected to; and some were objected to and the objection sustained in some instances and overruled in others. Some of the arguments by counsel for appellee were invited by those made by counsel for appellant. None of the arguments made by counsel for appellee were so improper or prejudicial that the same could not have been cured by instruction of the court.

We have considered each of the arguments complained of. No useful purpose will be served in considering those to which objection was not made or to which objection was sustained. We have been cited by appellant to only one argument by counsel for appellee to which objection was made and overruled, and which is referred to by appellant as perhaps the most damaging and prejudicial argument. It was as follows:

"* * * I will say to you that this is one of the raunchiest situations, as some of the teenagers say, and some of my grandchildren,—and you talk about obsequiousness, they come down here and say, 'I represent Waggoner Carr.' This is an experimental trip, I say to you, that is the honest truth, and I say to you, a verdict of $28,000.00 would be outrageous.

"MR. PATTERSON: Your Honor, we object to the remark about the experimental trip.

"MR. BUTLER: Well, that is my characterization of it.

"THE COURT: Overruled."

The quoted argument was made by counsel for appellee as a part of the closing argument. Prior thereto, trial counsel for appellant had made the following argument:

"* * * It is gratifying to somebody like me, from Austin, to get a fair trial away from home."

"* * * I know it has been—probably been parts of it have been tiresome for you, and tedious, but that's the only way, the best way that has ever been devised, that I know of, to settle these disputes, and of course that's what we are here for.

"Now, being still a reasonably fairly young lawyer I don't know people as well as some lawyers, so I am always concerned about things that I do that in any way effect the ideas of a juror. If I have done anything that in any way offended anybody, I certainly apologize for it and hope you won't consider it in your verdict. I have done all I could, everything in my power, to bring to you all the facts concerning this case that I possibly could, and there is, just as an old phrase in the legal business, 'If you don't have good facts, try to confuse the Jury,' and I think that's what they have done the last few days down here."

    \*    \*    \*    \*    \*    \*

" \* \* \* Now, historically, they say the State is big and powerful, but the State is not down here in its power, they have only sent me, which may be unfortunate.

    \*    \*    \*    \*    \*    \*

"I don't want you to think that I am cold hearted, but they have got to try to get to the sympathy of you Ladies and Gentlemen in my opinion, to cloud the issues enough to get away from the true issue of market value.

"Now, I am sympathetic with Mr. Baker. I represent Mr. Baker though he refuses to accept my representation, he also wants Mr. Butler, but the State is bound under the Constitution and Law to pay adequate compensation, at market value; to that extent, I have got to try to give him that; but, by the same token, I want to try to see that he doesn't get any more than fair market value.

    \*    \*    \*    \*    \*    \*

" \* \* \* By that I want you to consider all the evidence, and be as sympathetic as you can, but, by the same token, be sympathetic to the people I represent, too, and be fair to them and to Mr. Baker, which I want you to do, is one thing I am here to do, is to be fair to him, but still, it all goes back to this single and one issue of market value, \* \* \*."

Counsel for appellant opened up the subject of his trip from Austin to Corpus Christi to represent the condemnor in this case and made comments concerning it and his conduct of the trial. Counsel for appellee replied to such argument by using the term "experimental trip" and ultimately connected what he said to the argument of counsel for the state that the jury award should be about $28,000.00. Under these conditions we believe that the argument was not improper, and in any event hold that harmful error is not shown. Rule 434, Texas Rules of Civil Procedure; Southern Pacific Company v. Wilson, 398 S.W.2d 324, 327, 328 (Tex.Civ.App., Corpus Christi, 1966, wr. ref. n. r. e.).

Appellant's point number eight reads as follows:

> "The trial court erred in admitting into evidence over the objections of the appellant the exhibit of appellee which purported to depict the building into which appellee moved his printing business when he moved out of the property condemned and which further purported to be the building out of which appellee operated his printing business at the time of the trial which error caused an improper and excessive verdict."

█ The photograph in question (Defts. Ex. 16) was identified by appellee as showing the building into which he moved his business after the taking of the property involved in this suit. The property shown in the photograph was one of those used as a rent comparable by appellee's expert witness Mr. Bob Crow who testified prior to appellee and referred to the photograph. The exhibit was offered into evidence while appellee was testifying and the trial court at first refused to admit it over appellant's objection. After further testimony on the matter outside the presence of the jury, counsel for appellee offered the photograph for the limited purpose of showing a rent comparable and the court ruled that it would be admitted for such limited purpose. After the jury returned to the box, appel-

lant's objection to the exhibit was overruled and it was admitted. Both counsel for appellant and the court stated that the exhibit was admitted for a limited purpose, without further explanation. Counsel for appellant, at that time, did not renew his request for a further instruction concerning the exhibit. In any event, appellant's point eight complains of the admission of the exhibit into evidence, not that the trial court failed to· give proper instruction in connection therewith. We hold that the exhibit in question was properly admitted for the purpose for which it was ultimately offered and that error or harmful error is not shown. See State v. Hamman, 377 S. W.2d 727, 732 (Tex.Civ.App., Houston, 1964, n. w. h.). Appellant's point eight is overruled.

Appellant's points ten and eleven asserting cumulative error are largely premised upon its other points, heretofore discussed. Upon consideration of such points separately and together in the light of the whole record, we find that cumulative or reversible error is not shown.

The judgment of the trial court is affirmed.