**TEXAS ELECTRIC SERVICE COMPANY,**
Appellant,

v.

**M. L. GRAVES et al., Appellees.**

No. 6255.

Court of Civil Appeals of Texas,
El Paso.

Nov. 22, 1972.

Rehearing Denied Dec. 27, 1972.

Turpin, Smith, Dyer, Harman & Osborn, Max N. Osborn, Midland, for appellant.

Thompson & Rees, T. L. Rees, Colorado City, for appellees.

## OPINION

WARD, Justice.

This is a condemnation case instituted by Texas Electric Service Company for an easement for an electrical transmission line. The electric company appeals from the judgment based upon jury findings awarding the landowners $11,120.00. We affirm the judgment.

The taking is a surface right-of-way 150 feet wide and one mile long and consists of an 18.015 acre strip of land across the south part of Appellees' 360 acre farm located some three miles southwest of Stanton. The easement has six towers located on it, each being a steel "H" frame some eighty feet tall carrying six electrical and two static lines. The south line of the easement adjoins a 40 foot wide county road. There was no issue concerning the right or extent of the taking, the only issues being the value of the easement and the damage to the remainder as of December 1, 1970, the date of taking when the deposit of the award of the Special Commissioners in the amount of $11,300.00 was made.

The jury findings as to the difference in the market value of the 18.015 acres of the easement before and after the taking was $7,700.00 and the difference in market value of the land in the remainder before and after the taking was $3,420.00, the total judgment as stated being $11,120.00. The testimony of the value witnesses as to the easement and remainder before and after taking, together with the jury's verdict are shown by the following chart:

| | | Part taken 18.015 Acres | | Remainder 341.895 Acres | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | BEFORE | AFTER | BEFORE | AFTER | APPRAISER'S AWARD |
| 1. | Bill Shepherd | 12,050.00 | 1,800.00 | 193,800.00 | 190,660.00 | 13,390.00 |
| 2. | Lee Graves | 13,761.25 | 1,801.50 | 204,992.50 | 197,142.87 | 19,809.38 |
| 3. | W. M. Costelow | 9,500.00 | 1,800.00 | 136,800.00 no improv. | 133,380.00 no improv. | 11,120.00 |
| 4. | M. L. Graves | 13,761.25 | 1,801.50 | 204,992.50 | 197,142.87 | 19,809.38 |
| 5. | Clarence Nelson | 5,000.00 | 2,500.00 | 94,000.00 no improv. | 94,000.00 no improv. | 2,500.00 |
| 6. | C. E. Hogue | 5,406.00 | 3,044.00 | 102,594.00 no improv. | 102,594.00 no improv. | 2,362.00 |
| Jury Verdict | | 9,500.00 | 1,800.00 | 171,000.00 | 167,580.00 | 11,120.00 |

The easement and right-of-way acquired by the electric company granted to it the usual rights in such an acquisition, such as the right to remove from said strip and prevent the construction thereon of any building or other structure, except fences, and to remove all growth or obstructions, other than crops which in the judgment of the company may endanger or interfere with the proper operation of the electric line, but that the landowners' right to cultivate the land, raise crops thereon, or use it for pasturing livestock or for any other purpose not inconsistent with the purposes of the easement, would not be obstructed or interfered with. The court so instructed the jury as to these applicable grants and the restrictions regarding the concurrent uses by the power company and the landowner and no complaint is made in this regard.

■ The landowners offered into evidence the entire provisions of Art. 1436c, Vernon's Tex.Rev.Civ.Stat.Ann., which did not become effective until March 30, 1971, some four months after the date of taking in this case. Prior to this, the appellant presented its Motion in Limine to exclude from evidence the statute and all evidence with regard thereto because the statute was not effective as of the date of taking. The Motion in Limine was overruled as were the appellant's objections when the statute was offered and to this action of the trial Court the appellant addresses its first group of points. The objection as made was simply to the effect that the statute was not the law as of the time of the taking, that it permitted the jury to consider matters that are not relevant and material to the issue before them and was a matter of law for the Court and not the jury to interpret. This act which purports to restrict somewhat the activities of persons and equipment operating in the proximity of high voltage electric lines was introduced on the theory that at the time of the hypothetical sale, the hypothetical willing buyer of the easement would contemplate that within a reasonable time, it was reasonably probable that such

a restrictive statute would be in effect. It is comparable to the rule adopted in the contemplated rezoning cases. City of Austin v. Cannizzo et al., 153 Tex. 324, 267 S.W. 2d 808 (1954); State et al. v. Rankin, 445 S.W.2d 581 (Tex.Civ.App.—Corpus Christi 1969, no writ). No testimony is presented that at the time of the taking there was a reasonable probability that the statute would soon be effective, but as a matter of fact it was effective some four months later and long before the trial of this case. In the zoning cases it has been held that if subsequent to the taking and before the trial the ordinance was actually amended to permit the previously forbidden use then that of itself was weighty evidence of the existence at the time of the taking of the fact that there was a reasonable probability of an imminent change. 4 Nichols on Eminent Domain, Third Ed., Sec. 12.322(2). Regardless, we feel the broad general discretion of the trial Court should control as to the receipt of this evidence. If the zoning ordinances are admissible, then likewise the restrictive statute. City of Tyler v. Ginn et ux., 225 S.W.2d 997 (Tex.Civ.App. —Texarkana 1949, writ dism'd 148 Tex. 604, 227 S.W.2d 1022); Rayburn, Texas Law of Condemnation, Sec. 141.

■ Regardless, from a review of the evidence in this case where little reference is ever made to the statute, and considering the objections as made we are unprepared to state that the receipt of the statute was reasonably calculated to cause or in reasonable probability did cause the rendition of an improper judgment. Rule 434, Tex.R. Civ.P. Any statutory prohibition as to the operation of equipment near this transmission line which carries some 345,000 volts could hardly be said to impose any greater burden upon one working near the line than that which any sensible person would bear without the statute. The points relating to the statute are overruled.

■ Appellant urges error in the trial Court's permitting the appellees to prove on cross-examination of the appellant's engi-

neer that the cost of constructing the one mile of transmission line across the property was in the amount of $44,000.00. Appellant's objection was to the effect that it was not relevant to any issue before the Court on market value and that it was prejudicial and immaterial. The purpose of the offer, upon inquiry by appellant's attorney, was that a high cost would indicate a higher protective attitude as to the rights of company in the use of the easement; the more expensive the item, the more protective and defensive the one owning the same would be in exercising its easement rights. The evidence in our opinion was error but it was not harmful in the light of the entire record. The obvious danger of the offer is that it has the jury consider a fact that if the condemnor would pay such a substantial cost for construction, then they could well afford to pay a substantial amount for the easement itself. This is improper. Value to the taker is not the proper guide. Olson v. U. S. A., 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (Sup.Ct., U.S.1933). However, the fact that there existed a high construction cost is obvious from a view of the exhibits and the evidence. There is a great amount of testimony in the record as to all phases of the construction. The cost factor was not referred to again and apparently was not argued. It was not a denial of the rights of the appellant, as was reasonably calculated to cause and probably did cause the rendition of an improper judgment nor did it prevent the appellant from making a proper presentation of the case to the appellate court. Rule 434 supra; Southern Pacific Company v. Wilson et al., 398 S.W.2d 324 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). The point is overruled.

■ The appellant complains that the Court erred in permitting two of the appellees' appraisal witnesses to testify to two sales of certain properties which are asserted as not being comparable. The sales involved were those of a one acre tract from Morrison to Lee Graves for $1,000.00 and of a 1.76 acre tract from Loftin to Atchison at $1,200.00 per acre. The testimony in regard to both sales was offered on direct examination of the appraisal witnesses under the standard condition II of Hays et ux. v. State et al., 342 S.W.2d 167 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.), where the testimony is given on direct examination of the value witness to give the factual basis upon which he found his opinion on the issue of the value of the real estate in question. Both appraisers considered the best use of the appellees' farm as irrigated farm land with the exception of the land fronting on the State Highway to the east and that fronting on the county road on the south. The highest and best use of the property facing either the highway or the county road was for rural homesite purposes, with each homesite being approximately one acre in size. The one acre tract used from Morrison to Graves was located on the State highway approximately a mile from the property in question and the 1.76 acre tract from Loftin to Atchison was on a county maintained road a few miles to the northwest. W. J. Shepherd then proceeded to valuate the 18 acres within the easement before the taking as 17 acres at $650.00 per acre with the one acre at the southeast corner of the tract adjoining on both the county road and the highway at $1,000.00 an acre or a total of $12,050.00 before taking valuation. W. M. Costelow proceeded with his valuation as having the 17 acres at $500.00 an acre with the one corner acre at $1,000.00 or a total of $9,500.00 before taking valuation. No objection was raised by the appellant as to the testimony that the highest and best use of the property taken would be for rural homesites on one acre tracts. The only objection made on lack of comparability was as to the discrepancy in size of the two tracts. In this light and in view of the extensive cross examination of each appraisal witness which fully developed all facts contrary to the statements and conclusions of the experts such as the difficulties of developing the property as rural homesites together with the length of time that would be required, we hold that the trial Court was not

in error in admitting these two sales as foundation evidence to formulate their opinions.

■■ The discretion of the trial Court in determining whether or not a sale is sufficiently similar to be admissible as a circumstance influencing the expert witness in arriving at his opinion of value is very broad. State v. Dickerson et al., 370 S.W.2d 742 (Tex.Civ.App.—Houston 1963, no writ). The objection to these sales here on the ground of lack of similarity are considered as going to the weight of the evidence rather than to its admissibility. State et al. v. Hays et ux., 361 S.W.2d 401 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.). The question of admissibility was within the discretion of the trial Court and it was not abused. Holcombe v. City of Houston, 351 S.W.2d 69 (Tex.Civ.App.—Houston 1961, no writ). The basis for the offering here justifies a distinction from the extreme situation of Morgan et al. v. State, 343 S.W.2d 738 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.). In this connection, we also note that the appellee, M. L. Graves, testified without any objection to the one acre sale from H. P. Morrison to Lee Graves for $1,000.00 and to a one acre sale from Earl Mays to G. D. Thurwinder for $750.00, the latter property being located only 300 yards south of the easement before us. The point raised is overruled.

■ Next, the appellant complains of the action of the Court in not striking the testimony of the appellee, M. L. Graves, concerning depreciation in the market value of the remainder 314 acres of land, the basis of the complaint being that he did not separate the land taken from the remainder. While it may be true from the cross examination, that the appellee was improperly considering some difficulties he would encounter when farming on the easement as applying to the remainder, other facts which he considered as depreciating the remainder were not challenged. Thus undisputed was his testimony that he could no longer use an airplane to defoliate or apply poison, the general unsightliness of the high power lines, and the attendant weed problem that would be created over the whole farm due to the fact that machinery could not be used effectively around the towers. It may well be that if the opinion should be shown to be based exclusively upon considerations of incompetent factors, it would have to be disregarded, "but, all opinion being at best something of a speculation, it does not cease to have probative force when impropriety attaches only to some, rather than all, of its underlying reasons. The question of market value is thus peculiarly one for the fact finding body, * * *." Texas Pipe Line Co. v. Hunt et ux., 149 Tex. 33, 228 S.W.2d 151 at 156 (Tex.Sup.1950).

■ Finally, the appellant presents "no evidence" and "insufficient evidence" points regarding the jury finding as to the value of the 341.9 acre remainder after the taking. It will serve no useful purpose to further detail the evidence in this regard but we have read the entire record. In passing upon these last two points, we have been governed by and complied with the criteria set forth in Garza et al. v. Alviar et al., 395 S.W.2d 821 (Tex.Sup.1965), and they are overruled. Similar complaints were presented and overruled with some similar facts in Texas Power & Light Company v. Trinity Valley Ranch Company et al., 395 S.W.2d 866 (Tex.Civ.App. —Dallas 1965, no writ).

The judgment of the trial Court is affirmed.