STATE HIGHWAY COMMISSIONER *v.* EILENDER.

1. EMINENT DOMAIN—JUST COMPENSATION—UNJUST ENRICHMENT.

Just compensation in condemnation proceedings must put the party injured in as good a position as he would have been if the injury had not occurred, neither enriching the individual at the expense of the public nor the public at the expense of the individual.

2. SAME—VALUE—TIME.

The determination of value in each proceeding to condemn land for public use is not a matter of formula or artificial rule but of sound judgment and discretion based upon the relevant facts in the particular case as of the time of the taking, not as of some future date.

3. SAME—VALUE—REASONABLE POSSIBILITY OF CHANGE OF ZONING.

A reasonable possibility that zoning classification of land involved in condemnation proceedings will be changed is a possibility that should be considered in arriving at the proper value.

4. SAME—VALUE—POSSIBILITY OF REZONING CLASSIFICATION.

An application for rezoning property under consideration in condemnation proceedings from residential to commercial classification, made approximately half a year prior to determination of necessity, which had neither been approved nor rejected, and which changed use would not be inconsistent with the surrounding areas and was neither frivolous nor purely speculative, should be assigned a monetary value in determining the amount to be awarded.

5. SAME—VALUE—CHANGE OF ZONING.

Application for leave to supplement record on appeal from award made in condemnation proceedings to show that city had rezoned the property during pendency of appeal is denied, where case is remanded for further proceedings including a consideration of a reasonable possibility of change of zoning classification existing at time of determination of necessity.

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Eminent Domain § 240.
[2] 18 Am Jur, Eminent Domain §§ 240 (Supp), 263.
[3-5] 18 Am Jur, Eminent Domain § 244 (Supp).
Zoning or other governmental regulations as to use of property as a factor in determination of damages in eminent domain. 173 ALR 265.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 4, 1961. (Docket No. 26, Calendar No. 48,520.) Decided April 26, 1961.

In the matter of the petition of John C. Mackie, State Highway Commissioner, for condemnation of property for highway purposes in the city of Pontiac, determination was made by commissioners of the value of property of Charles Eilender, Esther Eilender, Sam Levin, and Gertrude Levin. Order entered denying confirmation of award and matter referred back to commissioners for further determination. Plaintiff appeals. Cause remanded for further proceedings.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Laurence A. Price,* Assistant Attorney General, for plaintiff.

*Milton F. Cooney (Jack L. Banycky,* of counsel), for defendants.

SMITH, J. Following the statutory procedure, its details unimportant for purposes of this appeal, the matter of the condemnation of several parcels of land on Perry street in the city of Pontiac came to hearing before commissioners, and awards were made. This case involves 1 of these parcels, described as C–279. The controversy before us concerns its value, specifically, its value as related to zoning restrictions. At the hearing 2 appraisers testified for the State. Each based his appraisal upon residential use, for which it was then zoned.[1]

---

[1] Mr. John D. Millis stated: "I took into consideration the shape of the area; I took into consideration zoning, sales and listings in the area; took into consideration the sites and economic conditions."

Mr. John K. Irwin testified that the property "for the present time" was usable to its highest advantage as residential property and that "there would be no real potential commercial use immediately  *  *  *  [but] .possibly [there] would in the future," if it were zoned for commercial use.

The appraiser for the owners, however, based his valuation, in part, upon its use as commercially-zoned property.

Neither was correct. Just compensation, we have held, must put the party injured in as good position as he would have been if the injury had not occurred.[2] It should neither enrich the individual at the expense of the public nor the public at the expense of the individual.[3] The determination of value in each case, we have also held, is not a matter of formula or artificial rule but of sound judgment and discretion based upon the relevant facts in the particular case.[4] Here 1 of the relevant facts pertained to an already-pending modification of the zoning. This is not to say that speculative future uses incompatible with existing zoning are to be assigned a valuation. We look at the value of the condemned land at the time of the taking, not as of some future date. If the land is then zoned so as to exclude more lucrative uses, such use is ordinarily immaterial in arriving at just compensation. But, on the other hand, it has been held, "if there is a reasonable possibility that the zoning classification will be changed, this possibility should be considered in arriving at the proper value. This element, too, must be considered in terms of the extent to which the 'possibility' would have affected the price which a willing buyer would have offered for the property just prior to the taking."[5]

Here an application for rezoning the property under consideration from residential to commercial had been made approximately half a year prior to determination of necessity. The petition requesting rezoning had neither been approved nor rejected.

---

[2] *In re John C. Lodge Highway,* 340 Mich 254.

[3] *Ibid.*

[4] *In re Widening of Gratiot Avenue,* 294 Mich 569.

[5] *United States* v. *Meadow Brook Club,* 259 F2d 41, 45, cert. denied, 358 US 921 (79 S Ct 290, 3 L ed 2d 239).

Rather, action had been deferred thereon. It had been "tabled until the Perry street widening was established and until a study could be made of the future development of commercial areas along Perry street." It was shown in the record, moreover, that such zoning, if ordered, would not be inconsistent with the use of certain of the surrounding areas. The possibility of a change in the zoning seems, therefore, to have been neither frivolous nor purely speculative, and, if such were "a reasonable possibility," this possibility (*United States* v. *Meadow Brook Club, supra*) should be assigned a monetary value in fixing the value of the property as of the time of the taking. Appellant argues that we must assume from the commissioners' reliance upon the figures submitted by the State (the higher of which, $1,400, was the amount of the award) that they considered and rejected the reasonable possibility of a change in the zoning. The testimony taken, however, summarized above, does not permit us to indulge the assumption.

Under the view we have taken of the case there is no need to rule upon the reasons assigned by the circuit judge in his denial of the confirmation of the award as to this parcel, nor will we grant appellees' application for leave to supplement the record to show the rezoning by the city during the pendency of this appeal.

The case is remanded for further proceedings not inconsistent herewith. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.