STATE HIGHWAY COMMISSIONER *v.* EILENDER.

Eminent Domain—Possibility of Rezoning—Confirmation of Award.

> Confirmation of award of $2,700 by new commissioners appointed upon remand of case from Supreme Court on appeal from previous award for $1,400 *held,* proper, where it appears that testimony of appraisers at second hearing relative to possibility of rezoning the property shows that such matter had been considered and that it was the opinion of the appraisers the possibility of rezoning was very slight in view of rejection of similar applications for rezoning in the area, lack of demand for type of property rezoning would provide, and other factors, the testimonial defect declared by the Supreme Court at the first hearing having been cured.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted December 3, 1963. (Calendar No. 108, Docket No. 49,696.) Decided May 4, 1964.

In the matter of the petition of John C. Mackie, State Highway Commissioner, for condemnation of

References for Points in Headnote
18 Am Jur, Eminent Domain § 373 *et seq.*

property for highway purposes in the city of Pontiac, redetermination was made by commissioners of the value of property of Charles Eilender, Esther Eilender, Sam Levin and Gertrude Levin. Order entered confirming award of commissioners. Defendants Eilender appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Laurence A. Price,* Assistant Attorneys General, for the plaintiff.

*Milton F. Cooney* for defendants Eilender.

Kavanagh, C. J. This is a proceeding by the State highway commissioner for condemnation of certain private property in the city of Pontiac for highway purposes. The matter was previously before this Court; the decision was reported in 362 Mich 697. Presently before us on appeal is the matter of an award by new commissioners of damages in the amount of $2,700.

The trial judge denied a motion by defendant property owners to vacate, set aside, and hold for naught the report of the commissioners. An award of confirmation was entered, and from that order defendant property owners appeal.

On appeal, the property owners argue it was error for the lower court to confirm an award, based in part upon testimony of the 2 appraisers employed by the condemning authority, which, as given at the previous hearing in substantially the same form and with the same resultant appraisal value amounts, had been ruled incorrect by this Court. Defendants contend that the testimony of these appraisers indicates that they disregarded the opinion of this Court holding the property had a possibility of rezoning at the time of the taking, and that such possibility was

neither frivolous nor purely speculative and should be assigned a monetary value in fixing damages.

The testimony of 2 of the State's appraisers indicates they placed the same value on the property before and after the taking as they did in the previous hearing. The date of taking was January 30, 1958. The witnesses testified they had taken into consideration in their previous testimony, and were taking into consideration this time, that there was on that date a possibility of rezoning. Their testimony consequently remained exactly the same as in the previous hearing. The range of the testimony of all witnesses, so far as damages caused by the taking were concerned, was from $1,100 to $11,500. The new commissioners in the present proceeding increased the award from $1,400 in the old proceeding to $2,700 in the present one.

It is the contention of the State highway commissioner, and so found by the trial judge, that the award was within the range of the testimony and that the witnesses had properly taken into consideration the possibility of rezoning on the date of the taking in determining the amount of damages estimated at the second hearing.

The thrust of our previous ruling in this case is that the possibility of approval by the zoning board of the application for rezoning, submitted as to the property some 6 months prior to determination of necessity, was "neither frivolous nor purely speculative," and that, therefore, in order to support an award of damages based upon the testimony of appraisers, the testimony must indicate that these appraisers considered whether there was a "reasonable possibility" of approval of the rezoning application.

The testimony of these appraisers at the second hearing unquestionably indicates not only that they considered in their statements of value at both hear-

ings (which statements were respectively identical) whether rezoning was a reasonable possibility, but also the reasons why, in their best judgment, a reasonable possibility did not exist. In their extensive experience in evaluating area property and its possible uses, they determined that a lack of demand for commercial property and the rejection of similar applications for rezoning in the area, and other factors, indicated that such a possibility in regard to the subject property was very slight. In the considerations demonstrated by their testimony, the witnesses conformed to this Court's directive to consider the possibility neither frivolous nor purely speculative.

The testimony of these witnesses at the second hearing cured the testimonial defect declared by this Court to have existed in the first hearing.

The trial court did not err in confirming the award.

Judgment affirmed. Appellee shall have costs.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.