DEPARTMENT OF TRANSPORTATION v VANELSLANDER

Docket No. 110386. Argued April 8, 1999 (Calendar No. 10). Decided June 22, 1999.

The Department of Transportation brought a condemnation action in the Macomb Circuit Court, against Archie A. and Mary Ann Van Elslander, owners of certain real property. The condemnation left the remainder of the defendants' property in violation of local zoning laws with respect to building setback requirements. At trial, the department sought to introduce an appraisal of the property based on the possibility that a zoning variance could be obtained to cure the violations created by the condemnation. The court, George E. Montgomery, J., granted the defendants' motion to exclude the evidence. The Court of Appeals, McDONALD, P.J., and GRIFFIN, J. (BANDSTRA, J., dissenting), affirmed in an unpublished opinion per curiam (Docket No. 183321). The department appeals.

In a unanimous opinion per curiam, the Supreme Court *held*:

The trial court abused its discretion in excluding evidence of the appraisal of the property owned by the defendants.

2. In this case, in response to the defendants' original motion to exclude expert testimony, the department referred to the expert's appraisal, which would have formed the basis of testimony for the

factfinder. The nature of the appraisal was sufficient to make it and accompanying testimony admissible. To remove this issue completely from the fact-finding process is inconsistent with *State Hwy Comm'r v Eilender*, 362 Mich 697 (1961).

Reversed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Patrick F. Isom*, Assistant Attorney General, for the plaintiff-appellant.

*Braun, Kendrick, Finkbeiner, P.L.C.* (by *Scott C. Strattard* and *Jamie Hecht Nisidis*), and *Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for the defendants-appellees.

PER CURIAM. In this condemnation case, the Court of Appeals affirmed a preliminary ruling of the circuit court, regarding the manner in which zoning requirements might affect the proper appraisal of the property.[1] On leave granted,[2] we reverse. In doing so, we adopt as our own the following dissenting opinion written by Judge BANDSTRA in the Court of Appeals.

Plaintiff appeals by leave granted from an order denying reconsideration of the trial court's previous order that excluded the introduction of an appraisal of property owned by defendants Archie and Mary Ann VanElslander. Because [we] find that the trial court abused its discretion in excluding this evidence, [we] reverse.

This case arises from a condemnation action. Plaintiff is engaged in a road-widening project in Macomb County, and condemned a portion of defendants' property under the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.* The condemnation left the remainder of defendants' property in violation of local zoning laws

---

[1] Unpublished opinion per curiam, issued August 8, 1997 (Docket No. 183321).

[2] 459 Mich 902 (1998).

with respect to building setback requirements. At trial, plaintiff wishes to introduce an appraisal of defendants' property that is based on the possibility that a zoning variance could be obtained to cure the violations created by the condemnation. Defendants filed a motion to exclude the evidence, which the trial court granted. Plaintiff moved for reconsideration in the trial court or, alternatively, requested that defendants be ordered to cooperate in a request for a zoning variance. The trial court denied both requests.

In this interlocutory appeal, plaintiff argues that the trial court improperly excluded evidence of a possible zoning variance. We review the trial court's decision to exclude evidence for an abuse of discretion. *Phillips v Deihm*, 213 Mich App 389, 401; 541 NW2d 566 (1995); *Detroit v Gorno Steel & Processing Co*, 157 Mich App 294, 311; 403 NW2d 538 (1987). Relevance is the threshold of admissibility. MRE 402. Evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Yates v Keane*, 184 Mich App 80, 82; 457 NW2d 693 (1990).

The meaning of just compensation has been described by [the Court of Appeals]:

"Both the federal and state constitutions provide that private property cannot be taken for public use without just compensation. Just compensation means the full monetary equivalent of the property taken.

\*     \*     \*

"The purpose of just compensation is to put property owners in as good a position as they would have been had their property not been taken from them. The public must not be enriched at the property owner's expense, but neither should the property owner be enriched at the public's expense. There is no formula or artificial measure of damages applicable to all condemnation cases. The amount of damages to be recovered by the property owner is generally left to the discretion of the trier of fact after consideration of the evidence presented. [*K & K Construction, Inc v*

*Dep't of Natural Resources,* 217 Mich App 56, 72-73; 551 NW2d 413 (1996)[3] (citations omitted).]"

[The Court of Appeals] has also articulated a means of calculating just compensation:

"[T]he proper measure of damages in a condemnation case involving a partial taking consists of the fair market value of the property taken plus severance damages to the remaining property if applicable. To calculate the severance damages, the parties may present evidence of the cost to cure. [*Dep't of Transportation v Sherburn,* 196 Mich App 301, 306; 492 NW2d 517 (1992).]"

In *Sherburn,* [the Court of Appeals] also explained the rationale behind the use of 'cost to cure' evidence:

"Where severance damages have occurred, it may sometimes prove possible for the property owner to perform certain actions upon the property to rectify the injuries in whole or in part, thus decreasing the amount of severance damages and correspondingly increasing the parcel's market value. These actions constitute a 'curing' of the defects, and the financial expenditures to do so constitute the condemnee's cost to cure. [*Id.* at 305.]"

Thus, any evidence that would tend to affect the market value of the property as of the date of condemnation is relevant. This includes evidence of the possibility of rezoning to the extent that "the 'possibility' would have affected the price which a willing buyer would have offered for the property just prior to the taking." *State Hwy Comm'r v Eilender,* 362 Mich 697, 699; 108 NW2d 755 (1961).

Defendants point out that *Eilender* involved rezoning rather than a variance and that evidence regarding the rezoning was offered on behalf of the landowner rather than the state. Neither of these distinctions make *Eilender* inapposite to this case. Both the possibility of rezoning and the possibility of a variance are subject to vicissitudes. A variance may, as plaintiff argues, be easier to obtain than a rezoning, while a variance granted may be revoked in the future, as pointed out by defendants. These are considera-

---

[3] Reversed on other grounds 456 Mich 570; 575 NW2d 531 (1998).

tions to be weighed by the factfinder in determining "the price which a willing buyer would have offered for the property just prior to the taking" under *Eilender* regardless of whether the possibility of rezoning or the possibility of a variance is at issue. There is no reason to apply *Eilender* only to benefit property owners seeking to increase compensation; it is equally available to governmental entities seeking to assure that compensation is just. "Just compensation . . . should neither enrich the individual at the expense of the public nor the public at the expense of the individual." *Id.*[4]

The proper threshold for the admission of this type of evidence was articulated in *Eilender*:

"The possibility of a change in the zoning seems, therefore, to have been neither frivolous nor purely speculative, and, if such were 'a reasonable possibility,' this possibility should be assigned a monetary value in fixing the value of the property as of the time of the taking. [*Id.* at 700 (citation omitted).]"

The [Court of Appeals] majority concludes that the expert's opinion that a variance would be granted was based on an "assumption" without "any evidence" in support and concludes that this "unsupported, speculative" opinion was appropriately withheld from the factfinder. [We] disagree.

In response to defendants' original motion to exclude the expert testimony, plaintiff referred to the expert's appraisal, which would have formed the basis of his testimony for the factfinder. That appraisal detailed how the appraiser had conferred with employees of plaintiff's real estate division who had successfully obtained variances for numerous properties affected by a similar road-widening project also located in Sterling Heights. As a result, the appraiser was able to estimate the likely cost of obtaining a variance in the instant case and, further, to predict that a variance

---

[4] Defendants no longer challenge the proposition that the trier of fact may consider the possibility of obtaining a zoning variance when determining the value of the property just prior to taking. Defendants continue to dispute, however, whether plaintiffs proffered sufficient evidence to establish such a possibility.

would be issued. The appraisal also explained the expert's opinion that a variance was likely because the city of Sterling Heights requires a setback at intersections to establish a clear sight area and that same purpose would be advanced by the proposed taking.

This was sufficient to make the expert's appraisal and accompanying testimony admissible. It was certainly more compelling support for the proposition that there is a "reasonable possibility" that a variance will issue in this case than the evidence available in *Eilender*. There, apparently the only evidence regarding a tabled rezoning application was that the requested rezoning "would not be inconsistent with the use of certain of the surrounding areas." *Id.* Nonetheless, [the] Supreme Court determined that this was sufficient to conclude that the possibility of a zoning change was "neither frivolous nor purely speculative" and that this possibility should be considered by the factfinder in determining the value of the property.[1] *Id.*

---

[1] As mentioned, plaintiff relied on the expert appraisal in opposition to defendant's original motion to exclude the evidence; the majority's criticisms of plaintiff for coming forward with additional material in an attempt to have the trial court's ruling on this matter reconsidered do not apply to that appraisal.

---

The [Court of Appeals] majority correctly points out that other variances granted on other roadways do not necessarily mean that a variance would also be granted with respect to the parcel at issue here. Defendants would be free to make that argument and present testimony and other supporting evidence to the factfinder. However, to remove this issue completely from the factfinding process is inconsistent with *Eilender*.[2]

---

[2] Defendants also argue that this appeal should be dismissed as moot because they have either demolished or altered the building that, following the condemnation, presented the zoning nonconformity. This fact does not render this appeal moot; the factfinder may still consider the possibility of a variance in determining what a willing buyer would have paid for the property, including the building, just prior to the condemnation. See *Eilender, supra* at 699; MCL 213.70; MSA 8.265(20).

> Accordingly, [we] reverse the trial court's order that excluded the appraisal at issue.

On the basis of Judge BANDSTRA's opinion set forth above, we reverse the judgments of the Court of Appeals and the order of the circuit court, and we remand this case to the circuit court for further proceedings consistent with this opinion.

WEAVER, C.J., and BRICKLEY, CAVANAGH, KELLY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.