KELLY, J.
(concurring). In this case, we consider whether evidence of rezoning after a taking is admissible to demonstrate that, when the taking occurred, a reasonable possibility of rezoning existed.[1] We hold the evidence inadmissible.
*149 The lead opinion by Justice YOUNG concludes that the evidence is inadmissible on the ground that it is irrelevant. I disagree and believe that this view erroneously constricts the definition of legal relevance by placing a temporal constraint on it, whereas legal relevance is an encompassing characteristic of evidence.
A majority of the Court agrees that the evidence of rezoning is relevant because it corroborates a fact that is of consequence to the determination of the action: whether there existed a reasonable possibility of rezoning at the time of the taking. MRE 401.
A different majority agrees that the evidence is inadmissible. However, my reasoning differs from the other three justices comprising this majority. I would hold that the inadmissibility of the evidence lies in the fact that its probative value is substantially outweighed by its prejudicial effect. MRE 403.
The admission of the evidence of rezoning unjustly overwhelmed other relevant evidence that showed rezoning was not reasonably likely and that the parcel’s reasonable value was as residential property. The jury’s consideration of this evidence caused substantial injustice to plaintiff. Accordingly, it was an abuse of the trial court’s discretion to admit it, and the error was not harmless.
I agree with the decision of the Court of Appeals to set aside the jury verdict, although for slightly different reasons. I also agree to remand the case for a new trial at which the evidence that the property was rezoned after the taking will not be admitted.
underlying facts
This controversy concerns land on which a portion of phase II of the M-5 Haggerty Road Connector in Novi *150 was built.[2] Plaintiff Michigan Department of Transportation filed a complaint under the Michigan Uniform Condemnation Procedures Act (UCPA)[3] to take the land by condemnation. The land is part of a larger tract owned by defendant Haggerty Corridor Partners Limited Partnership. The partnership had aggregated the tract over time by acquiring adjacent parcels in the expectation of future development.
The issue concerns the reasonable market value of the land at the time of the taking. When it was expropriated, the land was zoned residential-agricultural and was undeveloped. At trial, defendants asserted that they had planned to seek to have it rezoned to commercial use. They hoped to develop the land into a technology park, as they had done with a tract in nearby Farmington Hills.
Plaintiff made an offer to buy the land from defendants based on its value for residential or agricultural use, consistent with its zoning classification at the time of the taking. Michigan law requires the government to make a good-faith offer to purchase land for its fair market value before filing a condemnation complaint. MCL 213.55. Defendants rejected the offer. They believed that the true market value was much higher because there was a reasonable possibility that the land would be rezoned for commercial use in the near future.
THE COURT PROCEEDINGS
Plaintiff filed its condemnation complaint on December 7,1995. It again asserted that the fair market value *151 of the land was its value for residential purposes. Defendants responded that the land was worth more than plaintiff offered due to its potential for commercial use. Plaintiff countered that rezoning was not reasonably possible.
Defendants planned to present significant evidence to show that rezoning for commercial use was reasonably possible at the time of the taking. Key to their argument was evidence that the portion of the tract not condemned was in fact later rezoned commercial. Two and a half years after the taking, Novi rezoned the noncondemned land for office/service/technology use.
Plaintiff made a motion to prevent introduction of this evidence.[4] The trial court heard oral argument and concluded that it was admissible. The court found it relevant, not too remote in time, and not overly prejudicial. The evidence was admitted, and the jury awarded damages consistent with defendants’ evaluation, which was based on use of the land if zoned commercial.
On appeal, plaintiff argued that admission of the evidence was erroneous. The Court of Appeals held that the trial court had abused its discretion in admitting it because it “tainted the jury’s resolution of the ‘reasonable possibility’ question of fact.” The Court reversed the judgment of the trial court and remanded the case for a new trial without the erroneously admitted evidence.[5] Unpublished opinion per curiam of the Court of Appeals, issued July 22, 2003 (Docket Nos. 234099, 240227).
*152 The Court of Appeals decision was not unanimous. The dissent argued that the majority did not give the trial court’s evidentiary ruling the deference it was due and that the trial court’s decision should be affirmed. It observed that this Court held in Dep’t of Transportation v VanElslander[6] that the possibility of subsequent rezoning can be relevant to the market value of land at the time of the taking. It opined that any error was harmless.
Defendants sought leave to appeal to this Court. Until today, no published decision of this Court or of the Court of Appeals has directly addressed the question presented, and it is susceptible to arising again. Recognizing its jurisprudential significance, we granted leave to appeal
limited to [the issues] (1) whether a posttaking zoning decision can be considered in determining value at the time of the taking, and (2) whether the Court of Appeals decision in this case is consistent with [VanElslander, supra]. [470 Mich 874 (2004).]
JUST COMPENSATION
We review decisions regarding the admissibility of evidence at trial for an abuse of discretion. VanElslander, supra at 129. It is basic to condemnation law that the government may take private property for public use as long as it pays just compensation for it. Const 1963, art 10, § 2.
“Just compensation” is a legal term of art. Silver Creek Drain Dist v Extrusions Division, Inc, 468 Mich 367, 376; 663 NW2d 436 (2003). It is intended to place the property owner in as good a position financially as if the property had not been taken. This ensures that *153 neither the property owner nor the public is enriched at the other’s expense. State Hwy Comm’r v Eilender, 362 Mich 697, 699; 108 NW2d 755 (1961).
Just compensation is the fair market value of land at the time of its taking. Id. Under the UCPA, what is just compensation is determined as of the date the condemnation complaint is filed and as if the government’s acquisition of the land had not been contemplated. MCL 213.70.
The jury assesses the value of condemned land as of the date of condemnation through the eyes of those acquiring or losing it. The market participants cannot foresee the future. In the case under consideration, the participants would not have known that the land would be rezoned. The participants’ prediction of whether there was a reasonable possibility of rezoning could be based only on information available at the time of the taking.[7] Current property values are based in part on potential changes discounted for their uncertainty.
The law accepts that a reasonable possibility that the zoning classification will be changed “ ‘should be considered in arriving at the proper value.’ ” Eilender, supra at 699, quoting United States v Meadow Brook Club, 259 F2d 41, 45 (CA 2, 1958). In Eilender, the state presented an appraisal based on the property’s *154 residential-use zoning status. The property owner’s appraisal was based on commercial use. An application by the owner to rezone the property for commercial use was pending at the time of the taking.
Commercial use of the property in Eilender would have been consistent with the zoning of property in some of the surrounding area. But the city commissioners awarded compensation that reflected the state’s assessment. In so doing, they failed to consider the reasonable possibility that the property would be rezoned. We held that an application for rezoning, submitted before the taking, was relevant to show the reasonable possibility of rezoning and should be considered in determining the property’s market value.[8] Eilender at 699-700.
THE RELEVANCE OF THE FACT OF FUTURE REZONING
At trial in this case, defendants submitted evidence suggesting that Novi might rezone defendants’ land to a use higher than residential. Because if there was a possibility of rezoning at the time of the taking, it affected the property’s fair market value. Hence, any possibility of rezoning it was relevant.[9]
Similarly, I agree with Justices MARKMAN and WEAVER that the rezoning was relevant to show that two-and- *155 one-half years before it occurred, a reasonable possibility of rezoning may have existed. If something occurs, by definition, the occurrence had to have been possible then and likely at some time beforehand. The fact that the reasonable possibility may not have arisen until after the taking does not render evidence of the rezoning irrelevant. It has some tendency to make more likely the existence of a reasonable possibility before the taking.
However, Justice YOUNG erroneously relies on the fact that a market participant could not have known of the rezoning at the time of the taking. This confuses the temporal relationship between the events with their legal relationship. Although the market participant could not have known that an event would occur in the future, the fact that it did occur shows that it was reasonable to believe beforehand that its occurrence was likely.
Justice Young’s example of the roll of a die is misplaced. When one is asked beforehand the result of the roll of a die, six is among the guaranteed results. Each of the six alternative results has an equal chance of occurring with every roll. The fact that a six was rolled is unnecessary to prove that six was possible or that it was reasonable to believe before the roll that six was possible.
Rezoning is more like a horse race than the roll of a die. The probability of a certain horse winning depends on many factors. They include, among others, the condition of the horse on race day, the condition of the other horses, and the condition of the track. The odds on a bet placed on that horse, which are an expression of . the perceived probability of that horse winning, are based on these factors known before the race. If the horse wins, the victory corroborates the strength of the *156 prediction that the horse would win. But there are no guarantees that the horse will ever win, unlike the result of the roll of a die.
Similarly, there are no guaranteed outcomes when one estimates whether property will be rezoned.[10] Rezoning is one of several possibilities. The probability of it occurring may never become a reality. But the fact of rezoning corroborates the assertion that the belief it would be rezoned was reasonable, just as a winning bet corroborates the belief that a horse would win. As Justice YOUNG notes, rezoning suggests that the prognostication is more accurate than another’s that was to the contrary. Ante at 143. Hence, the evidence of rezoning is legally relevant.
THE PREJUDICIAL EFFECT OF A FUTURE FACT
Just because evidence is relevant does not mean that it is admissible. The trial court may exclude relevant evidence “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .” MRE 403.
We have noted that “[e]vidence is not inadmissible simply because it is prejudicial. Clearly, in every case, each party attempts to introduce evidence that causes prejudice to the other party. ” Waknin v Chamberlain, 467 Mich 329, 334; 653 NW2d 176 (2002). “In this context, prejudice means more than simply damage to an opponent’s cause. A party’s case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion.” People v Vasher, 449 Mich 494, 501; 537 NW2d 168 (1995).
*157 This rule “ ‘is not designed to permit the court to ‘even out’ the weight of the evidence ... or to make a contest where there is little or none.’ ” People v Mills, 450 Mich 61, 75; 537 NW2d 909 (1995), quoting United States v McRae, 593 F2d 700, 707 (CA 5,1979). The rule prohibits evidence that is unfairly prejudicial. “Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury.” People v Crawford, 458 Mich 376, 398; 582 NW2d 785 (1998).
THE DISTINCTION BETWEEN FACT AND REASONABLE POSSIBILITY
The mischief here is that, once a juror hears evidence that rezoning occurred, the juror will have difficulty concluding anything but that rezoning was reasonably possible when the taking occurred. As noted earlier in this opinion on pp 154-155, it is not necessarily true that the possibility reasonably existed at the time of the taking. Rezoning might have become reasonably possible only upon the happening of one or more events after the taking. The taking itself could be one such event, as plaintiff argued at trial.
Moreover, it does not follow from the fact that something occurs that people could have reasonably believed beforehand that it would occur. Consider these illustrations: In January 1968 one could have predicted that it was reasonably possible that Neil Armstrong would set foot on the moon in July 1969. Similarly, one could say today that it is reasonably possible that man will visit Mars in future years.
Merely because an event occurred does not mean that it was reasonably possible on a given date beforehand. Reasonable predictions of space exploration require one to know much about the status of our space program at *158 the time the prediction is made. An accurate assessment of the reasonable possibility of these two space explorations depends on the information known beforehand. Similarly, a reasonable prediction of future rezoning requires that certain knowledge be available to the market participant at the time of the taking. See p 153 n 7 of this opinion.
The distinction between the fact of an occurrence and whether it was reasonably possible on a given date before it occurred has eluded many. For example, one prominent treatise, cited by the trial court, the dissent in the Court of Appeals, and Justice MARKMAN, characterized the fact of posttaking rezoning as “weighty evidence.” 4 Nichols, Eminent Domain (3d ed), § 12C.03[3].
It is not enough that posttaking rezoning is probative of an antecedent possibility of rezoning, as Justice MARKMAN argues. The question is was it reasonably possible at the time of the taking? In this case, the taking was two-and-one-half years before rezoning occurred. The fact that rezoning did occur does not mean that it was reasonably possible at the time of or before the taking that it would occur.
At first blush, posttaking rezoning is compelling evidence that there was a strong possibility of rezoning at the time of the taking. But the admission of this evidence was unfair because of the significant danger that the jury would not properly limit its consideration of it. Admission of this evidence risks that the jury will accord it weight wildly disproportionate to its probative value and treat rezoning when the taking occurred as a foregone conclusion.[11] This is the “hindsight bias” dis *159 cussed by Justice YOUNG that leads the jury to give the evidence undue weight and render it unfairly prejudicial. See ante at 141 n 36. Rather than prove Justice YOUNG’s point, this bias demonstrates why the evidence can be relevant yet unfairly prejudicial.
Evidence of posttaking rezoning also tends to confuse the value of property once rezoned and its value when it was only reasonably possible that it would be rezoned. In a takings case, the amount that the property owner is entitled to be paid is the latter value. However, the jury may improperly award just compensation based on the value of the land as rezoned as if the property had already been rezoned before the taking.
Justice MARKMAN proceeds on the faith that the jury can limit the evidence to its proper sphere. See post at 178-179. However, this approach negates the trial court’s role as a gatekeeper, under MRE 403. The court must ensure that the influence of the evidence presented to the jury is not wildly disproportionate to its probative value.
In every case, the fact of subsequent rezoning is unavailable to the market participant at the time of the taking. As Justice MARKMAN points out, it allows one party the benefit of the skyscraper or stadium looming overhead whereas the market participant was limited to imagination and someday plans. It is highly prejudicial because it gives one party an unfair advantage over the other by giving the jury information that the hypothetical market participant could not have obtained.[12]
Just as the market does not have the benefit of twenty-twenty hindsight, neither do litigants. The jury *160 must assess the value of the property “ ‘on the basis of facts as they then would have appeared to and been evaluated by the mythical buyer and seller.’ ” Roach v Newton Redevelopment Auth, 381 Mass 135, 138; 407 NE2d 1251 (1980), quoting New Jersey v Gorga, 26 NJ 113, 118; 138 A2d 833 (1958).[13]
In the interest of having the same availability of information as the market participants at the time of the taking, the jury should not know of posttaking rezoning. It causes too great a danger of confusion of the issues and unfair prejudice to the taking party, outweighing its probative value.[14]
*161 THIS EVIDENCE OF POSTTAKING REZONING WAS UNFAIRLY PREJUDICIAL
The highly prejudicial tendency of posttaking evidence to confuse and mislead substantially outweighed its minimal probative value in this case. Plaintiff estimated that the land was worth $2,758,200. Defendants set their damages at $18,586,000. The jury substantially agreed with defendants and awarded them $14,877,000.
The award suggests a high likelihood that the jury was overwhelmed with the evidence of the posttaking rezoning. The jury appears to have ignored significant evidence that rezoning was not foreseeable, Novi’s chief planning consultant testified that, in 1993, the planning commission recommended that the land not be rezoned commercial. He revealed that the city had no plan to rezone the land because there was a demand for large-lot, million-dollar homes. He told the jury that the intention of the city council and the planning commission was to maintain the property for residential purposes. As of the date of the taking, he would not have recommended a change in zoning. Also, defendants had no pending petition for a zoning change, unlike the defendant in Eilender.
The evidence of posttaking rezoning was not harmless, as defendants argue. Plaintiff presented sufficient evidence to the jury that it could have concluded that there was little reasonable possibility of rezoning at the time of the taking. But defendants’ damages award, which was substantially in agreement with their claim, demonstrates that the jury likely gave the posttaking evidence far more weight than it merited. Therefore, its admission here violated MRE 403 and was an abuse of discretion.[15]
*162 I agree with Justice YOUNG that the trial court exacerbated the error. The court admitted the evidence of rezoning but precluded plaintiff from presenting evidence that the rezoning occurred as a result of the taking. Plaintiff should have been allowed to counter the effect of the evidence once it was admitted. See ante at 147.
Michigan takings law has long recognized that a condemnation award may be disturbed on appeal where erroneously admitted evidence caused substantial injustice in the result. Michigan Air Line R v Barnes, 44 Mich 222, 227; 6 NW 651 (1880); MCR 2.613(A). I find that because of the erroneous admission of evidence, a substantial injustice occurred here.
THE EFFECT OF THE VIEW OF THE LAND BY THE JUEY
It bears noting that, contrary to the Court of Appeals dissent, plaintiff did not open the door to evidence of posttaking rezoning or render its admission harmless by requesting a jury view. Plaintiff filed its motion in limine opposing the evidence of subsequent rezoning on March 6, 2001. At a March 15 hearing, although the court did not rule, its language suggested that ultimately it would deny the motion.
By March 28, the trial court had not ruled on the motion. Plaintiff feared that it would receive an adverse ruling. Therefore, it moved for a jury view. Plaintiff argues that it did so to provide some evidence that the property, most of which remained undeveloped at the time, was more akin to residential property than commercial property. Plaintiff asserted that it would have withdrawn the motion if, before the jury view, the court had announced its decision to exclude defendants’ post-taking rezoning evidence. Plaintiff did not preclude *163 appellate review by properly anticipating and attempting to mitigate the trial court’s error.
Moreover, the jury view did not render harmless the erroneous admission of the evidence of posttaking rezoning. There is no record evidence of what the jury saw when it viewed the property. It may have seen some commercial construction and inferred that part of the parcel had been rezoned. But I agree with plaintiff that the jury view was not the equivalent of uncontroverted evidence that the entire parcel had been rezoned.

DEP’T OF TRANSPORTATION v VANELSLANDER

My view is not inconsistent with our decision in VanElslander, supra. In that case, the Department of Transportation took a portion of the defendants’ land. As a consequence, a building on the remainder of the land was in violation of local set-back requirements. The department attempted to introduce evidence that it was reasonably possible for the defendants to mitigate the effect of the taking on the uncondemned building by obtaining a zoning variance. A variance could have cured the set-back violation and avoided loss of the building. On appeal to this Court, the department argued that the defendants’ appeal was moot because the building had been demolished.
We held that the evidence showing the possibility of obtaining a variance was admissible. Also, the fact that the building had been demolished did not render the appeal moot. VanElslander, supra at 132.
In determining just compensation, the jury in VanElslander was entitled to hear of the likelihood that, at the time of the taking, a variance might have been sought and granted. Similarly, the jury in this case was entitled to hear evidence showing the likelihood of rezoning. But just as subsequent demolition was not an *164 appropriate consideration when determining damages in VanElslander, neither was subsequent rezoning an appropriate consideration here.
CONCLUSION
The government must pay just compensation when it takes land for public use. Const 1963, art 10, § 2. Just compensation is the fair market value of the land. Eilender, supra at 699. It is determined at the time of the taking. MCL 213.70.,
The prejudicial effect of evidence of subsequent rezoning on the determination of fair market value substantially outweighs its relevance. MRE 403. For that reason, it is not admissible to show the reasonable possibility of rezoning at the time of the taking. In this case, the erroneous admission of this evidence was an abuse of discretion. It was not harmless because it caused substantial injustice to plaintiff.
I agree with the conclusion of the Court of Appeals. Plaintiff is entitled to a new trial without the admission of evidence of the posttaking zoning change.[16] I agree with the decision to remand the case to the trial court and not retain jurisdiction.

 I use “taking” in this opinion synonymously with “condemnation” to refer to the government’s expropriation of private property from its owner for public use through the power of eminent domain.

 This portion of the Connector includes a north and southbound roadway between Twelve and Fourteen Mile Roads, west of Haggerty Road in the city of Novi, Oakland County.

 MCL 213.51 et seq. All statutory references are to the act as it existed at the time the condemnation complaint was filed.

 Plaintiffs March 6, 2001, motion in limine to bar testimony of a May 1998 zoning change.

 The Court of Appeals, in dicta, also discussed the trial court’s consideration of defendants’ ‘‘cost to cure” the taking. We did not grant leave to appeal on this issue, and I decline to express a view about it.

 460 Mich 127, 130; 594 NW2d 841 (1999).

 Defendants’ real estate appraiser testified that the present value of real estate may be assessed by comparing the value of a given property with that of similar properties.
There was testimony that relevant similarities include the locations, sizes, and available uses of the parcels. Recent sales are more relevant than older sales. However, an appraisal should also consider possible market changes during the time a property can reasonably be expected to remain on the market. For instance, a large, undeveloped parcel like the one at issue here may remain on the market for two to three years before a buyer is found. Comparison data is drawn from appraisals done by other professionals and from public records.

 In his opinion, Justice Markman fails to discuss the factual context out of which Eilender arose. The facts in Eilender differed critically from those in this case. There, we remanded the case to allow the jury to hear about an application for rezoning that had been submitted when the taking occurred. In contrast, the jury in this case heard evidence that was not available to the market participants at the time of the taking.

 Relevant evidence is that which has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable” than without the evidence. MRE 401.

 Similarly, there are no guarantees that an officer of a corporation will be indicted. See ante at 140 n 34.

 In his opinion, Justice Markman illustrates this danger, post at 181. Admission of posttaking rezoning evidence may encourage a witness to testify that it shows a reasonable possibility of rezoning *159 although when the taking occurred, there was no reasonable possibility.

 Justice Markman muses about the subjective motivations of the parties in a marketplace transaction. However, those motivations are *160 irrelevant here. “Just compensation” is not intended to perfectly replicate a private deal. Nor does it consider that the property owner was an unwilling seller. In fact, the analysis is meant to ensure that this factor is not considered.
Like all “objective” legal determinations, “just compensation” is a legad construct. I disagree that it should be ascertained by considering factors that were unavadlable to market participants at the time of the taking.

 See adso Reeder v Iowa State Hwy Comm, 166 NW2d 839, 842 (Iowa, 1969) (inference that the adoption of the ordinance more than eight months after condemnation proves that the higher use was the best use “at time of taking ... is manifestly lacking in substance”) (emphasis in original).
These cases and others cited by Justice Markman for the proposition that evidence of posttaking rezoning is admissible, dealt only with whether the evidence was admissible because it was relevant. They admitted the evidence without addressing its prejudicial effect. See also Bembinster v Wisconsin, 57 Wis 2d 277, 284-285; 203 NW2d 897 (1973); Texas Electric Service Co v Graves, 488 SW2d 135, 137 (Tex App, 1972). Thus, I am not as persuaded as is Justice Markman by their less thorough analysis.

 Justice Markman implies that our decision today improperly favors the government. Post at 182 n 18. Although the government may benefit today, I strive to apply the rules of evidence objectively and in accordance with their goal of deciding cases fairly and on their merits. I do not consider the identities of the parties.

 My analysis would not prevent a trial court from considering posttaking rezoning when determining the admissibility of other evidence that was available at the time of the taking. MRE 104(a).

 Consequently, I need not address the argument that the trial court should have admitted evidence that the taking itself caused the rezoning.