WEAVER, J.
(dissenting). I dissent from the majority’s conclusion that evidence of a post.ta.king rezoning is inadmissible in this case. I agree with Justice MARK-MAN’s conclusion that the evidence of a posttaking rezoning is relevant evidence that is admissible in this case to enable the jury to assess whether a “reasonable possibility” of rezoning existed on the date of the taking and whether the possibility would have affected the *165 price a willing buyer would have offered for the property at the time of the taking. Therefore, I would conclude that the trial court did not abuse its discretion in admitting the evidence.
I also agree with Justice MARKMAN’s conclusion that the trial court did abuse its discretion in excluding plaintiff’s evidence that the posttaking rezoning was caused by the taking, where this evidence was offered to counter defendants’ argument that there was a reasonable possibility of a zoning change.
Therefore, I would vacate the Court of Appeals decision and remand this case for a new trial.
Just compensation for private property that is condemned for public use is intended to “put the party injured in as good position as he would have been if the injury had not occurred.” State Hwy Comm’r v Eilender, 362 Mich 697, 699; 108 NW2d 755 (1961). Determining just compensation “is not a matter of formula or artificial rule but of sound judgment and discretion based upon the relevant facts in the particular case.” Id. We have held that a reasonable possibility that a zoning classification will be changed is relevant and should be considered when determining just compensation to the extent that the “ ‘possibility’ would have affected the price which a willing buyer would have offered for the property just prior to the taking.” Id. at 699 (citation omitted); see also Dep’t of Transportation v VanElslander, 460 Mich 127, 130; 594 NW2d 841 (1999). A posttaking change in zoning is relevant[1] *166 because it may assist the jury in assessing the possibility of a zoning change at the time of the taking — i.e., how likely a zoning change was at the time of the taking — and whether that possibility would have affected the price a willing buyer would have offered for the property at the time of the taking.[2] Therefore, I would conclude that the trial court did not abuse its discretion in admitting evidence of a posttaking change in zoning.
Additionally, just as the defendants in this case should be permitted to introduce evidence of a posttaking change in zoning to demonstrate the possibility of a zoning change at the time of the taking and how the possibility would have affected the price, plaintiff in this case should be permitted to offer evidence to counter defendants’ evidence. Such evidence includes evidence that the rezoning in this case was a result of the taking. Therefore, I would conclude that the trial court abused its discretion in excluding evidence that the rezoning was a result of the taking.
Consistent with this opinion, I would remand the case to the trial court for a new trial.
CAVANAGH, J., concurred with WEAVER, J.

 As defined in MRE 401, “relevant evidence” is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Further, “[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, *166 the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court.” MRE 402.

 As stated by the Supreme Court of New Jersey, “In short if the parties to a voluntary transaction would as of the date of taking give recognition to the probability of a zoning amendment in agreeing upon the value, the law will recognize the truth.” New Jersey v Gorga, 26 NJ 113, 117; 138 A2d 833 (1958).