CARRIER CREEK DRAIN DRAINAGE DISTRICT
v LAND ONE, LLC

Docket Nos. 255609, 255610, 255611. Submitted September 13, 2005, at
Lansing. Decided November 3, 2005. Approved for publication
December 20, 2005, at 9:20 a.m. Leave to appeal sought.

Carrier Creek Drain Drainage District brought condemnation ac-
tions in the Eaton Circuit Court against Land One, L.L.C.; Echo
45, L.L.C.; and Standard Federal Bank, seeking to acquire three
parcels of real property for use in a drainage improvement project.
The court, Thomas S. Eveland, J., denied Echo's claim for com-
pensation for the alleged increased value of property given a
possibility of rezoning, found that there were no severance dam-
ages to the remainder parcels owned by Land One after the taking,
and denied the defendants' untimely request for a jury trial. The
defendants appealed, and the appeals were consolidated.

The Court of Appeals held:

1. Echo was required to provide notice to the condemning
authority, pursuant to MCL 213.55(3), of its claim that it was
entitled to be compensated as though the property were rezoned
from residential to professional office use, which possible rezoning
was not reflected in the agency's good faith offer of just compen-
sation. A landowner is entitled to compensation for the possibility
of rezoning if a reasonable possibility exists, absent the threat of
condemnation, that the zoning classification of the condemned
property would have been changed and the change would have
increased the value of the property. Echo failed to file a motion to
extend the time in which such claim could be filed and failed to
provide the statutorily required notice of the claim in its answer.

2. The remainder parcels owned by Land One after the taking
suffered no severance damages. In the case of a partial taking,
severance damages relating to a remainder parcel may be included
in the determination of just compensation. In a bench trial, the
circuit court found the plaintiff's expert's testimony more credible
and noted that, in light of the nature of the parcels and their
locations as well as previous encumbrances, their values were not
diminished by the taking. Given the record and the deference

accorded a trial court's superior ability to judge the credibility of the witnesses, the Court of Appeals did not disturb the trial court's findings.

3. The circuit court did not abuse its discretion in denying the defendants' late jury demand. The defendants' attorney did not file a timely demand for a jury, and the defendants are bound by the actions and inactions of their attorney, their agent, occurring within the scope of the attorney's authority. The circuit court's reason for rejecting the defendants' claim of misconduct by their attorney, i.e., that attorneys prepare differently for jury trials and for bench trials, was not unjustified.

Affirmed.

EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — JUST COMPENSATION — POSSIBILITY OF REZONING.

In a case of a governmental authority taking land under its powers of eminent domain, the landowner is entitled to compensation for the possibility of rezoning if a reasonable possibility exists, absent the threat of condemnation, that the zoning classification of the condemned property would have been changed; the claim for such compensation requires timely notice to the condemning authority if rezoning was not a factor included in the authority's good faith offer of just compensation (MCL 213.55[1], [3]).

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Michael G. Woodworth, Geoffrey M. Seidlein,* and *Stacy L. Hissong*), for Carrier Creek Drain Drainage District.

*Fraser Trebilcock Davis & Dunlap, P.C.* (by *Graham K. Crabtree* and *H. Kirby Albright*), for Land One, L.L.C.; and Echo 45, L.L.C.

*Gary J. Galopin* for Standard Federal Bank.

Before: ZAHRA, P.J., and CAVANAGH and OWENS, JJ.

PER CURIAM. Defendants appeal as of right the orders of final judgment entered following a bench trial in these consolidated proceedings involving the issue of just compensation for three parcels of defendants' property condemned in whole or in part for a drainage

improvement project involving the Carrier Creek, Moon, and Hamilton Drains in Delta Township. We affirm.

On appeal, defendants argue that the trial court erroneously construed MCL 213.55(3), thus prohibiting Echo from presenting evidence regarding potential rezoning of its property. After consideration de novo of this issue of statutory interpretation, we disagree. See *Novi v Woodson*, 251 Mich App 614, 621; 651 NW2d 448 (2002).

When the government takes private property pursuant to its constitutional power of eminent domain, Const 1963, art 10, § 2, it must do so for a public use and pay just compensation, an amount that takes into account all factors relevant to market value, for that property. *Silver Creek Drain Dist v Extrusions Div, Inc*, 468 Mich 367, 373-374, 378-379; 663 NW2d 436 (2003). The goal of just compensation valuation is to require the condemning agency to pay the approximate price that a willing buyer would have offered for the property at the time of the taking. *Dep't of Transportation v Haggerty Corridor Partners Ltd Partnership*, 473 Mich 124, 142; 700 NW2d 380 (2005).

The Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*, governs condemnation proceedings and, at MCL 213.55(1), provides:

> Before initiating negotiations for the purchase of property, the agency shall establish an amount that it believes to be just compensation for the property and promptly shall submit to the owner a good faith written offer to acquire the property for the full amount so established. . . . The agency shall provide the owner of the property and the owner's attorney with an opportunity to review the written appraisal, if an appraisal has been prepared, or if an appraisal has not been prepared, the agency shall provide the owner or the owner's attorney with a written state-

ment and summary showing the basis for the amount the agency established as just compensation for the property. If the agency is unable to agree with the owner for the purchase of the property, after making a good faith written offer to purchase the property, the agency may file a complaint for the acquisition of the property in the circuit court in the county in which the property is located. . . . The complaint shall ask that the court ascertain and determine just compensation to be made for the acquisition of the described property. . . .

MCL 213.55(3) provides:

If an owner believes that the good faith written offer made under subsection (1) did not include or fully include 1 or more items of compensable property or damage for which the owner intends to claim a right to just compensation, the owner shall, for each item, file a written claim with the agency. The owner's written claim shall provide sufficient information and detail to enable the agency to evaluate the validity of the claim and to determine its value. The owner shall file all such claims within 90 days after the good faith written offer is made pursuant to section 5(1) or 60 days after the complaint is filed, whichever is later. . . . After receiving a written claim from an owner, the agency may provide written notice that it contests the compensability of the claim, establish an amount that it believes to be just compensation for the item of property or damage, or reject the claim. . . .

The issue here is whether Echo, L.L.C., was required to provide notice to the condemning authority, pursuant to MCL 213.55(3), of its claim that it was entitled to be compensated as though the property were rezoned from residential to professional office use, a factor not reflected in the agency's good faith offer of just compensation. We conclude that Echo was required to give such notice.

Interpretation of the critical first sentence of MCL 213.55(3) is determinative:

> If an owner believes that the good faith written offer made under subsection (1) did not include or fully include one or more items of compensable property or damage for which the owner intends to claim a right to just compensation, the owner shall, for each item, file a written claim with the agency.

In interpreting statutes, our duty is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). If the statute is expressed in plain and unambiguous language, no judicial construction is permitted, and the statute must be enforced as written. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). The fair and natural import of the statute's terms, in light of its subject matter, should govern. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). Words or phrases should be accorded their plain and ordinary meaning, considering the context, except that terms defined in the statute's glossary must be applied as defined. *Sun Valley Foods Co, supra* at 237; *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996).

Echo's claim is a "possibility of rezoning" claim. A landowner is entitled to compensation for the "possibility of rezoning" if "a reasonable possibility exists, absent the threat of condemnation, that the zoning classification of the condemned property would have been changed . . . ." *Hartland Twp v Kucykowicz*, 189 Mich App 591, 596; 474 NW2d 306 (1991), citing *State Hwy Comm'r v Eilender*, 362 Mich 697, 699; 108 NW2d 755 (1961). In other words, because the reasonable possibility of rezoning would have affected the price that a willing buyer would have offered for the property before the taking, it is compensable if proved. See *Dep't of Transportation v VanElslander*, 460 Mich 127, 130; 594 NW2d 841 (1999).

Echo argues that its claim merely involves a valuation dispute and is not a claim of compensable damage flowing from the taking. That argument is without merit. The plain and ordinary meaning of "compensable damage" is loss, harm, or injury that is eligible for compensation. Here, Echo is claiming that a willing buyer would have purchased this residentially zoned property for professional office use and, thus, Echo was deprived of the increased value associated with that possible zoning change as a consequence of the taking. So, Echo intended to claim a right to just compensation for the loss of the value of the possibility of rezoning as a consequence of the taking, which factor was not included in the good faith offer. Thus it is clearly a claim for compensable damage that was required, under MCL 213.55(3), to be disclosed within the time limits set forth in the statute. Therefore, the trial court properly excluded evidence of this undisclosed claim.

Further, because Echo did not file a motion to extend the time in which claims could be filed, its argument that it should have been granted an extension under MCL 213.55(3) is rejected. And, Echo's argument that the circuit court's scheduling order should be considered to have extended the time in which to file its claims is contrary to the plain language of MCL 213.55(3) and is without merit.

Next, defendants argue that the trial court erred in concluding that there was no damage to remainder parcels owned by Land One as a consequence of the taking. We disagree. This Court reviews the trial court's findings of fact in a bench trial under the clearly erroneous standard. MCR 2.613(C); *Tuttle v Dep't of State Hwys*, 397 Mich 44, 46; 243 NW2d 244 (1976). Findings of fact are deemed clearly erroneous where the

reviewing court is left with a definite and firm conviction that a mistake has been made. *Samuel D Begola Services, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995).

In the case of a partial taking, severance damages relating to a remainder parcel may be included in the determination of just compensation. *Dep't of Transportation v Sherburn*, 196 Mich App 301, 304-305; 492 NW2d 517 (1992). Here, Land One claimed that its remaining industrial and commercial properties after the taking were damaged because they were then landlocked; thus, it was entitled to be compensated for the loss. Land One's expert opined that the taking would cause a loss of accessibility to the properties because they would likely be wet all the time. Plaintiff contested the claim, offering expert testimony that indicated that the potential use of the properties was not much different after the taking. The properties included several acres of state regulated wetlands, and other encumbrances, including flooding easements and floodplains. Plaintiff's expert testified that the taking involved primarily drain easements and flooding easements and that access was not much different after the taking. Further, defendants' own witness, an engineer on the project, testified that the properties would not be more prone to flooding after the project and that nothing about the project was going to burden the remainder properties any more than if the project had never been built. And, another engineer on the project also testified that there was nothing about the project that would increase the burden on the remainder properties as a consequence of the takings. In fact, he testified that the project would help to alleviate flood conditions. The purpose of the project was to provide for temporary water retention for unusual precipitation. The Eaton

County Drain Commissioner also testified that any flooding would be intermittent in extreme storm conditions.

In its opinion, the trial court rejected Land One's claim of severance damages to the remainders of the industrial and commercial properties. The court noted that it found plaintiff's expert's testimony more credible and noted that, in light of the nature of the parcels and their locations, as well as previous encumbrances, their values were not diminished by the takings. Considering the evidence of record, as well as the deference accorded the trial court's superior ability to judge the credibility of the witnesses, MCR 2.613(C), we will not disturb the trial court's findings.

Finally, defendants argue that the trial court erroneously denied their delayed request for a jury trial. We disagree. Whether to grant a jury trial as requested by a late demand was a matter within the trial court's discretion and is reviewed on appeal for an abuse of that discretion. See *Adamski v Cole*, 197 Mich App 124, 130; 494 NW2d 794 (1992).

Defendants do not dispute that they failed to demand a trial by jury within the prescribed time. However, defendants argue that their motion to file a late jury demand should have been granted because their counsel committed misconduct in the handling of their case. But, a longstanding principle derived from agency law is that a client is bound by the actions and inactions of that client's attorney that occurred within the scope of the attorney's authority. *AMCO Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 104; 666 NW2d 623 (2003) (YOUNG, J., concurring); *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 224; 600 NW2d 638 (1999); *Everett v Everett*, 319 Mich 475, 482; 29 NW2d 919 (1947). Failing to file a demand

for a jury was within the scope of defendants' attorney's authority. Therefore, defendants' argument that they should not be deemed to have waived this right as a consequence of attorney misconduct is contrary to prevailing legal authority.

Defendants also argue that the trial court's reasoning, that attorneys prepare differently for jury trials and for bench trials, was unjustified because the case was merely a battle of expert opinions. We disagree. As noted by the trial court, the language used in depositions, the choice of exhibits, and choices of other evidence to be presented are generally influenced by whether the trial is before a jury or the bench, even when the case is merely a battle of expert opinions. In any event, we conclude that defendants have failed to establish that the trial court's denial constituted a result so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. See *Franchino v Franchino*, 263 Mich App 172, 193; 687 NW2d 620 (2004). Thus, the trial court did not abuse its discretion when it denied defendants' motion to file a late jury demand.

Affirmed.