BUTLER v MICHIGAN STATE DISBURSEMENT UNIT

Docket No. 271818. Submitted April 5, 2007, at Lansing. Decided April 19, 2007, at 9:05 a.m.

Marcelle Butler, a recipient of child support payments, brought an action in the Court of Claims against the Michigan State Disbursement Unit, the state entity charged with collecting and disbursing child support payments. The plaintiff alleged that MCL 400.238(2), which provides that interest that accrues on a payment after its receipt and before its disbursement by the defendant is payable to the state general fund to offset the costs of the program, is facially unconstitutional because it deprives the recipients of their property (the accrued interest) without just compensation. The Court of Claims, Paula J. Manderfield, J., granted summary disposition in favor of the defendant, noting that because the defendant's administrative costs were greater than the plaintiff's accrued interest, the plaintiff was not due any compensation. The plaintiff appealed.

The Court of Appeals *held*:

The just compensation that is due under US Const, Am V and Const 1963, art 10, § 2 when private property is taken for public use is measured by the property owner's net loss rather than the government's gain. Just compensation is properly calculated in this matter by subtracting the amount of interest accrued from the costs of administering the principal. Here, the administrative costs were greater than the accrued interest; therefore, the plaintiff was not owed any compensation.

Affirmed.

CONSTITUTIONAL LAW — TAKINGS — JUST COMPENSATION.

The just compensation that is due when private property is taken for public use is measured by the property owner's net loss rather than the government's gain (US Const, Am V; Const 1963, art 10, § 2).

*Kickham Hanley P.C.* (by *Gregory D. Hanley* and *Jamie Warrow*) for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Joel D. McGromley*, Assistant Attorney General, for the defendant.

Before: SAAD, P.J., and HOEKSTRA and SMOLENSKI, JJ.

SAAD, P.J. Plaintiff appeals a Court of Claims order that granted defendant's motion for summary disposition. For the reasons set forth in this opinion, we affirm.

Defendant, Michigan State Disbursement Unit, is the state entity charged with collecting and disbursing child support payments. MCL 400.236(1) and (2). Plaintiff has received child support payments since at least 1999. In accordance with MCL 400.238(2), defendant retained the accrued interest on support payments that passed through its system and used it to offset its operating costs. MCL 400.238 states, in pertinent part:

(1) While held by the state disbursement unit [SDU], money the SDU receives as a support payment is the money of the recipient of support, is not public revenue, and shall not be deposited in the state treasury. While held by the state disbursement unit, money the SDU receives as a support payment is not subject to levy, execution, garnishment, or offset.

(2) Interest that accrues on a payment after its receipt and before its disbursement is payable to the state general fund to offset program costs.

In her complaint, plaintiff alleged that MCL 400.238(2) is facially unconstitutional because it deprives recipients of their property (accrued interest) without just compensation.

Under the United States Constitution and the Michigan Constitution, private property may not be taken for public use without just compensation. US Const, Am V;

Const 1963, art 10, § 2; *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 248; 701 NW2d 144 (2005). Here, the court relied on *Brown v Legal Foundation of Washington*, 538 US 216; 123 S Ct 1406; 155 L Ed 2d 376 (2003), and granted defendant's motion for summary disposition under MCR 2.116(C)(10) because it found that, though defendant's retention of the accrued interest was a taking, plaintiff's "financial loss from . . . the taking after deducting administrative costs for transmitting a minuscule amount of interest basically amounts to nothing."

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley, supra* at 278. Summary disposition may be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). This Court also reviews de novo constitutional issues. *Studier v Michigan Pub School Employees' Retirement Bd*, 472 Mich 642, 649; 698 NW2d 350 (2005).

Plaintiff asserts that the court erred when it ruled that she was not denied just compensation because, though her individual loss of accrued interest was small, 83 cents in 2005, there is no *de minimis* exception to the entitlement to just compensation. The cases plaintiff cites do not support the proposition that compensation is due any time a taking is found. Rather, the cases hold that there is no *de minimis* exception to the taking requirement. See *Loretto v Teleprompter Manhattan CATV Corp*, 458 US 419, 421; 102 S Ct 3164; 73 L Ed 2d 868 (1982), and *Tuthill Ranch, Inc v United*

*States*, 381 F3d 1132, 1136 (Fed Cir, 2004). Here, the Court of Claims recognized this rule when it ruled that there was a taking, notwithstanding that it was only 83 cents.

To determine the amount of just compensation to which plaintiff is entitled, the United States Supreme Court's recent decision in *Brown* is dispositive. In *Brown*, the Supreme Court stated that "the 'just compensation' required by the Fifth Amendment is measured by the property owner's loss rather than the government's gain," suggesting that this analysis is applied to all takings. *Brown, supra* at 235-236. Michigan follows this rule. See *Silver Creek Drain Dist v Extrusions Div, Inc*, 468 Mich 367, 377-379; 663 NW2d 436 (2003); *Dep't of Transportation v VanElslander*, 460 Mich 127, 129; 594 NW2d 841 (1999) (the purpose of just compensation is to restore the property owner to the position in which he or she would have been had the property not been taken; neither the public nor the property owner may be enriched at the other's expense).

In *Brown*, client funds that were incapable of earning interest on their own were pooled into interest on lawyers' trust accounts (IOLTA). The accrued interest was given to the Legal Foundation of Washington and used for law-related charitable and educational purposes. *Brown, supra* at 224. The Supreme Court found that the transfer of interest to the state constituted a taking per se. However, the Court noted that it is not the taking that is proscribed, but rather the taking without just compensation. *Id.* at 235. The Court held that "any pecuniary compensation must be measured by [the property owner's] net losses . . . ." *Id.* at 237. Thus, "just compensation is measured by the net value of the interest that was actually earned" by the owner

of the principal. *Id.* at 238 n 10. The Court concluded that no compensation was owed to the petitioners in *Brown* because, by operation of Washington's IOLTA rules, no net interest could be earned on money that was placed in those accounts, i.e., " 'IOLTA funds [in Washington] are only those funds that cannot, under any circumstances, earn *net* interest *(after deducting transaction and administrative costs and bank fees)* for the client.' " *Id.* (citation omitted; emphasis altered). Accordingly, the Court found no constitutional violation. *Id.* at 240.

Pursuant to *Brown*, other courts have held that the amount of just compensation due on interest taken by the state is determined by the plaintiff's net loss, calculated by subtracting the amount of interest accrued from the costs of administering the principal. *Arthur v Dist of Columbia*, 857 A2d 473, 492 (DC App, 2004); *Schneider v California Dep't of Corrections*, 345 F3d 716, 720-721 (CA 9, 2003); *McIntyre v Bayer*, 339 F3d 1097, 1101 (CA 9, 2003); see also *Canel v Topinka*, 342 Ill App 3d 65, 76; 793 NE2d 845 (2003).

Applying this analysis here, the court ruled that defendant's administrative costs were greater than plaintiff's accrued interest and, therefore, plaintiff was not due any compensation. We disagree with plaintiff's assertion that there was no evidence to support this conclusion. The uncontested facts showed that plaintiff's accrued interest for 2005 was 83 cents. Defendant's cost to print and mail one support payment to plaintiff is 86 cents. Therefore, plaintiff's net loss is zero.[1] The court correctly concluded that plaintiff's

---

[1] Though there was no evidence presented regarding how plaintiff received her payments, we do not believe a remand is necessary. Defendant stated at the summary disposition hearing that it cost 19 cents to deposit a support payment directly into a recipient's bank account.

property was not taken without just compensation and it correctly granted defendant's motion for summary disposition.

In light of our decision, we need not address defendant's alternative ground for affirmance.

Affirmed.

---

Plaintiff asserted that the average recipient's annual accrued interest was approximately three dollars. Accepting these figures as accurate, if all of plaintiff's 54 distributions in 2005 were deposited directly, her principal would have to accrue more than ten dollars in interest annually for her to suffer a net loss based on this lone administrative cost.