LYON CHARTER TOWNSHIP v MCDONALD'S USA, LLC

Docket No. 294074. Submitted January 11, 2011, at Detroit. Decided May
24, 2011, at 9:00 a.m. Leave to appeal granted, 491 Mich 874.

Lyon Charter Township brought a condemnation action in the
Oakland Circuit Court against McDonald's USA, L.L.C., seeking,
pursuant to the Uniform Condemnation Procedures Act (UCPA),
MCL 213.51 *et seq.*, a permanent subsurface water and sewer
utility easement under the McDonald's condominium unit in the
Lyon Towne Center commercial condominium development for
the purpose of extending water and sewer utilities from the Lyon
Towne Center area south of highway I-96 to an area north of I-96
to provide utilities for a proposed auto dealership. Milford Road
East Development Associates, L.L.C., the developer of the Lyon
Towne Center, filed a motion to intervene in the action, claiming
an interest in the McDonald's unit pursuant to the Lyon Towne
Center Master Deed and Bylaws. The court, Shalina D. Kumar, J.,
granted the motion. The court granted the easement and awarded
$50,000 compensation to McDonald's. The court then entered a
stipulated order dismissing McDonald's from the action. Milford
Road East Development Associates, L.L.C. (hereafter defendant),
continued to seek compensation for its claimed interest in the
McDonald's easement. Defendant claimed that the relevant "par-
cel" affected by the condemnation was the Lyon Towne Center and
Lyon Crossing (developed by a related company with common
beneficial ownership, Milford Road West Development Associates,
L.L.C.), referred to jointly as the Lyon Centers. The court found
that plaintiff's taking of the easement made the Lyon Centers less
desirable from a competitive standpoint and reduced the value of
the Lyon Centers parcel. The court stated that the taking "outpo-
sitioned" the Lyon Centers in the marketplace and, thus, defen-
dant sustained a $1,503,520 reduction in value of the Lyon
Centers. The court entered a judgment for that amount. Plaintiff
appealed.

The Court of Appeals *held*:

1. The trial court correctly determined that defendant's prop-
erty interests derived from the Lyon Towne Center Master Deed
and Bylaws. The trial court erred by concluding that defendant

retained unlimited control over the easement for the extension of the water and sewer lines at issue. The master deed and bylaws granted defendant a limited property interest in the easement, subject to approval by plaintiff.

2. Neither the bylaws nor the Condominium Act, MCL 559.101 *et seq.*, state that individual unit owners such as McDonald's are to be the exclusive recipient of condemnation awards. Neither precludes an award to defendant in the event defendant has a compensable interest.

3. The fact that defendant's interest in improvements and utilities is subject to plaintiff's approval does not make defendant's interest not cognizable in an eminent-domain action. The limitation on defendant's interest is a factor to be considered in assessing the value, if any, of the interest taken. That value in turn depends on whether the interest is in the part of the parcel that was acquired in the eminent-domain action.

4. To constitute a "parcel" under the UCPA, MCL 213.51(g), the property at issue must meet all four aspects of the definition of a parcel: (1) an identifiable unit of land, (2) having common beneficial ownership, (3) at least part of which is being acquired, and (4) that can be separately valued.

5. The record does not support the finding that the Lyon Centers is the parcel to be valued because the record does not indicate that the easement was part of the commonly owned parcel. In order for the McDonald's subsurface utility easement to be part of the "parcel" at issue, the easement must be part of the land that is subject to common ownership. Nothing in the record establishes that the specific easement was subject to common ownership. The common beneficial ownership between Milford Road East Development Associates, L.L.C., and Milford Road West Development Associates, L.L.C., is extraneous to the master deed for the Lyon Towne Center development and the master deed for the Lyon Crossing development and is insufficient to grant an interest in the McDonald's easement to the common owners. Because the easement acquired was not part of the land subject to common beneficial ownership, the parcel for valuation under the UCPA in this case includes only property in which the Lyon Towne Center Master Deed grants an interest to defendant. That parcel, at the most, consists of the Lyon Towne Center development or, at a minimum, the McDonald's unit. The record demonstrates that the taking of the easement did not affect the value of any interest defendant may have retained in either property. Defendant's limited right to control improvements in the property pertained only to the Lyon Towne Center, not to Lyon Crossing. The trial

court erred by considering the effect of the easement, if any, on Lyon Crossing. Absent the alleged loss in value attributable to Lyon Crossing, the record contains no indication that the acquisition of the easement resulted in a loss to defendant.

6. Michigan does not recognize under the present set of facts "outpositioning" or "loss of market advantage" as an element of damages under the UCPA.

Reversed and remanded.

BECKERING, J., concurring in parts I and II, except footnote 4, of the majority opinion, agreed with the majority opinion both that defendant retained a compensable, albeit limited, property interest in the easements for water and sewer lines in the Lyon Towne Center property that was separate and distinct from the property interest McDonald's owned in its unit and that Lyon Crossing was not a part of the "parcel" to be valued in this condemnation action. Because defendant's retained property interest in the Lyon Towne Center property did not decrease in value as a result of the taking of the easement, the trial court erred by awarding defendant compensation for the loss of value of Lyon Crossing. Judge BECKERING declined to join in footnote 4 or part III of the majority opinion because there was no need to determine the nature or the extent of the property interest retained by defendant in the Lyon Towne Center property or whether defendant would be entitled to recover damages for any loss caused by "outpositioning" in the marketplace or similar market-value loss suffered by Lyon Crossing. The discussion of those issues in the majority opinion was unnecessary and constituted mere dicta.

1. EMINENT DOMAIN — CONDOMINIUMS — CONDEMNATION AWARDS.

The Michigan Condominium Act provides that a condemnation award must include just compensation to the coowner of the condominium unit subject to condemnation; the act does not provide that a coowner is to be the exclusive recipient of condemnation awards (MCL 559.233[3]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — WORDS AND PHRASES — PARCEL.

A "parcel" for purposes of the Uniform Condemnation Procedures Act is an identifiable unit of land, whether physically contiguous or not, having substantially common beneficial ownership, all or part of which is being acquired, and that can be treated as separate for valuation purposes (MCL 213.51[g]).

*Landry, Mazzeo & Dembinski, P.C.* (by *Nancy Vayda Dembinski*), for Lyon Charter Township.

*Carson Fischer, P.L.C.* (by *Robert M. Carson* and *Jeffrey B. Miller*), for Milford Road East Development Associates, L.L.C.

Amici Curiae:

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, P.C.* (by *John K. Lohrstorfer*), for the Michigan Townships Association and the Michigan Municipal League Legal Defense Fund.

Before: O'CONNELL, P.J., and SAAD and BECKERING, JJ.

O'CONNELL, P.J. In this condemnation action under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*, plaintiff, Lyon Charter Township, appeals as of right the trial court's judgment awarding compensation to the intervening defendant, Milford Road East Development Associates, L.L.C. (hereafter defendant). We reverse and remand.

### I. FACTS AND PROCEDURAL HISTORY

In 2002, plaintiff and defendant executed and recorded a planned development agreement for the creation of the Lyon Towne Center commercial development in Lyon Charter Township, Oakland County. A related company, Milford Road West Development Associates, L.L.C., executed and recorded a similar agreement to develop a nearby site called Lyon Crossing. Both Lyon Crossing and Lyon Towne Center are situated south of highway I-96.

Defendant sold condominium units in the Lyon Towne Center to retail businesses; each business became a unit owner/coowner and a member of the condominium association. Defendant sold Unit 11 of Lyon Towne Center to McDonald's USA, L.L.C., for $900,000. Like the other unit owners, McDonald's took

its unit subject to both the Lyon Towne Center Master Deed and Bylaws, which described the benefits and burdens for the unit owners and for defendant. Those benefits and burdens included "Easements and Other Rights Retained by Developer [defendant]":

> The Developer reserves for the benefit of itself, its successors and assigns, . . . permanent easements to use, tap into, enlarge or extend all utility facilities in the Condominium and servient estates, including, without limitation, all communications, water, gas, electric, storm and sanitary sewer lines, sewer systems, drainage systems, provided such easements do not materially impair the use or enjoyment of a Unit, all of which easements shall be for the benefit of any land adjoining the Condominium (or expansion thereof) now owned or hereafter acquired by Developer, its affiliates and its successors or assigns. Developer has no financial obligation to support such easements. [Master Deed, art VIII, § 2a.]

In addition, the master deed stated:

> Developer shall (subject to the Township of Lyon's approval) have the sole discretion to determine the specifications for the utility system and Storm Drainage System . . . . Developer shall (subject to the Township of Lyon's approval) have the sole discretion to determine the location of the roadways, utility system and Storm Drainage System . . . . [Master Deed, art VIII, § 3.]

The bylaws specifically addressed eminent domain:

> In the event of any taking of all or any portion of a Unit or any improvements thereon by eminent domain, the award for such taking shall be paid to the Co-owner of such Unit and the mortgagee thereof, as their interests may appear, notwithstanding any provisions of the Act [Michigan Condominium Act, MCL 559.101 *et seq.*] to the contrary. [Bylaws, art V, § 5(a).]

The bylaws also created restrictions on improvements: "No building, structure or other improvement shall be

constructed within a Condominium Unit or elsewhere within the Condominium Project . . . unless plans and specifications therefor . . . have first been approved in writing by the Developer." Bylaws, art VI, § 3. The same bylaws section reserved to defendant "the absolute right to refuse to approve any plans, or any part thereof, in [defendant's] sole discretion." Bylaws, art VI, § 3(B). The section also stated that "improvements must also receive any necessary approvals from Lyon Township." Bylaws, art VI, § 3(D).

Between 2004 and 2006, a separate entity, Republic West, sought to develop property for a Bob Saks General Motors dealership north of I-96. The original building plan for the auto dealership included a septic system, but subsequent studies indicated that the property was not suitable for a septic system. At the time, no water and sewer lines served the proposed Bob Saks property north of I-96. After various negotiations, plaintiff arranged to extend the water and sewer utilities from the Lyon Towne Center area to provide utilities for the proposed auto dealership. Plaintiff filed a condemnation action against McDonald's, seeking a permanent subsurface water and sewer utility easement under the McDonald's unit.

Defendant filed a motion to intervene in the condemnation action, claiming an interest in the McDonald's unit. Plaintiff opposed defendant's motion. The trial court allowed defendant to intervene. In 2007, the trial court granted the easement and awarded compensation to McDonald's in the amount of $50,000. The trial court then entered a stipulated order dismissing McDonald's from the action.

Defendant continued to seek compensation in the condemnation action, claiming a compensable interest

in the McDonald's easement. Plaintiff sought summary disposition, which the trial court denied. At the subsequent bench trial, both parties presented evidence concerning defendant's interest in the easement and the easement's value. Plaintiff's expert testified that the easement affected only the ownership interest of McDonald's, not any ownership interest of defendant. In contrast, defendant's expert testified that defendant had retained an ownership interest in the easement. He further testified that he deemed Lyon Towne Center and Lyon Crossing to be a single parcel, referred to as Lyon Centers. Defendant's expert continued that plaintiff had taken a property interest from defendant, that the taking had resulted in a loss of marketability and desirability of defendant's property, and that the taking had resulted in defendant's being "outpositioned in the marketplace."[1] He determined that the fair market value of the property before the taking was $15,035,200, and that the value after the taking was $12,028,040. He concluded that the amount of just compensation to defendant for the taking should be $3,007,040.

The trial court found that plaintiff's taking of the water and sewer easement made Lyon Centers "less desirable from a competitive standpoint," and further found that "the effect of the use of the property by Plaintiff was to reduce the value of the Lyon Centers Parcel." The court held: "[T]he taking outpositioned Lyon Centers in the marketplace and, thus, Defendant Milford Road East sustained damages." The court concluded that as a result of the taking, defendant sustained a reduction in the value of Lyon Centers in the amount of $1,503,520. The court entered judgment for defendant in that amount.

---

[1] Defendant's expert appraiser determined that because the Lyon Towne Center was almost fully developed as of the date of his valuation, he did not include a change of value for Lyon Towne Center.

II. ANALYSIS

A. NATURE OF THE PROPERTY INTEREST AT ISSUE

This Court outlined the tenets underlying condemnation law in *Chelsea Investment Group LLC v City of Chelsea*, 288 Mich App 239, 261; 792 NW2d 781 (2010):

> Both the Fifth Amendment of the United States Constitution and Const 1963, art 10, § 2 prohibit the taking of private property for public use without just compensation. The Taking Clauses do not prohibit the government's interference with a private individual's property, but require that interferences amounting to a taking be compensated. Typically, the government takes private property through formal condemnation proceedings. [Citations omitted.]

The UCPA governs the procedure for public agencies to acquire property in condemnation proceedings. See, e.g., *Dorman v Clinton Twp*, 269 Mich App 638, 645; 714 NW2d 350 (2006). Property interests compensable under the UCPA include both tangible and intangible property, as well as real and personal property rights. MCL 213.51(i).

In this action, there is no dispute that plaintiff took property for the easement from McDonald's by eminent domain. The disputed issue is whether that taking affected any compensable property interest retained by defendant. See *Adams Outdoor Advertising v East Lansing (After Remand)*, 463 Mich 17, 24; 614 NW2d 634 (2000) (a preliminary inquiry in a takings action is whether the claimant possesses the interest at issue). The extent of defendant's property rights are found in the master deed and bylaws. This Court must apply the plain terms of those documents as written. See *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658-659; 651 NW2d 458 (2002).

The trial court concluded that the master deed and bylaws retained for defendant the right to control improvements in the condominium units. We review the trial court's factual findings for clear error, and we review de novo the trial court's conclusions of law. *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 249; 701 NW2d 144 (2005).

We agree with the trial court that defendant's property interests derive from the master deed and bylaws. We disagree, however, with the court's conclusion that defendant retained unlimited control over the easement for extension of the water and sewer lines at issue. Instead, we find that the master deed and bylaws granted defendant a limited property interest in the easement, subject to approval by Lyon Township. The plain terms of the master deed and bylaws circumscribed defendant's control over improvements and the location of utilities. Both the master deed and the bylaws, as quoted above, expressly stated that defendant's control over utilities was subject to plaintiff's approval.

Plaintiff contends that the bylaws specifically grant coowners[2] the exclusive right to compensation in eminent-domain actions. We disagree. This bylaw provision regarding eminent domain simply recognizes that coowners are entitled to just compensation. Nothing in the provision precludes an award to defendant, in the event defendant has a compensable interest. Similarly, nothing in the Michigan Condominium Act states that a coowner is the exclusive recipient of condemnation awards. Rather, the act states that the condemnation award must *"include* just compensation to the co-owner of the condominium unit . . . ." MCL 559.233(3) (emphasis added).

---

[2] Coowners refers to individual unit owners, such as McDonald's.

Plaintiff also argues that because defendant's interest in improvements and utilities is subject to plaintiff's approval, the interest is not cognizable in an eminent-domain action. We disagree. In our view, the limitation on defendant's interest is a factor to be considered in assessing the value, if any, of the interest taken. That value in turn depends on whether the interest is in the part of the parcel that was acquired in the eminent-domain action, as discussed in the following section of this opinion.

### B. IDENTIFICATION OF THE PARCEL AT ISSUE

The UCPA defines a "parcel" as "an identifiable unit of land, whether physically contiguous or not, having substantially common beneficial ownership, all or part of which is being acquired, and treated as separate for valuation purposes." MCL 213.51(g). The trial court found that "Lyon Towne Centers [sic] and Lyon Crossings [sic] make up Lyon Centers which is the parcel of land that was allegedly damaged." Specifically, the court determined that because the Lyon Towne Center and the Lyon Crossing are owned by related companies that have common beneficial ownership, and because the damage sustained from the taking of the easement affected both the Lyon Towne Center and the Lyon Crossing, the two developments constitute a "parcel" under the UCPA. Plaintiff challenges this finding and argues that Lyon Crossing is not part of the parcel at issue. We agree.

To constitute a parcel under the UCPA, the property at issue must meet all four aspects of the definition of a parcel: (1) an identifiable unit of land; (2) having common beneficial ownership; (3) at least part of which is being acquired; and (4) that can be separately valued. For the purposes of this opinion, we assume, without

deciding, that the first two aspects of the definition were present, i.e., that the Lyon Towne Center and the Lyon Crossing constitute Lyon Centers, and that Lyon Centers is an identifiable unit of land having common ownership. Even with this assumption, however, the record does not support the finding that Lyon Centers is the parcel to be valued in this condemnation action, because the record does not indicate that the easement was part of the commonly owned parcel.

In order for the McDonald's subsurface utility easement to be part of the parcel at issue, the easement must be part of the land that is subject to common ownership. We find nothing in the record to establish that the specific easement was subject to common ownership. As noted in part II(A) above, any property rights in the easement derive from the Lyon Towne Center Master Deed and Bylaws. The Lyon Towne Center Master Deed grants the benefits and burdens of the deed to the unit owners and *defendant*. In contrast, the master deed for Lyon Crossing grants the benefits and burdens of that deed to the unit owners and Milford Road West Development Associates. Nothing in either deed grants any interest to any parent corporation or related entity.[3] The common beneficial ownership between defendant and Milford Road West Development Associates is extraneous to the deeds and is insufficient to grant an interest in the McDonald's easement to the common owners.

Given that the easement acquired was not part of the land subject to common beneficial ownership, the parcel

---

[3] Although the same individual signed the master deeds for both developments, the documents indicate that the individual signed the Lyon Towne Center Master Deed on behalf of defendant, and signed the Lyon Crossing Master Deed on behalf of Milford Road West Development Associates. Milford Road West Development Associates is not a party to this litigation.

for valuation under the UCPA in this case includes only property in which the Lyon Towne Center Master Deed grants an interest to defendant. That parcel consists of, at most, the Lyon Towne Center development, or, at a minimum, the McDonald's unit. We need not decide whether the parcel was the entire Lyon Towne Center or was solely the McDonald's unit, because, as discussed below, the record demonstrates that the taking of the easement did not affect the value of any interest defendant may have retained in either property.

### C. VALUE OF THE PROPERTY INTEREST AT ISSUE

Defendant's limited right to control improvements in the property pertained only to Lyon Towne Center, not to Lyon Crossing. Accordingly, the trial court erred by considering the effect of the easement, if any, on Lyon Crossing. Absent the alleged loss in value attributable to Lyon Crossing, the record contains no indication that the acquisition of the easement resulted in a loss to defendant. Defendant's expert acknowledged that Lyon Towne Center was almost fully developed as of the date of his valuation, and that his appraisal did not include a change in value for Lyon Towne Center.[4]

---

[4] Remarkably, defendant does not claim that it owns any tangible property interest in Lyon Towne Center that was taken by plaintiff. Defendant's only claim is that the master deed and bylaws grant it an intangible property interest to control improvements in Lyon Towne Center. Defendant alleges that plaintiff's condemnation action resulted in a taking of its intangible property interest to control improvements in Lyon Towne Center. Were we to address defendant's claim that it has a cognizable property right that was taken under the just-compensation clause, we would conclude that the developer has no compensable property right that was taken as a result of the township's extension of a public water and sanitary sewer pipeline under the McDonald's property. In our opinion, the township's proper use of its condemnation powers did not affect the developer's "rights to control the development." The developer's only rights originate from the master deed and bylaws

III. THE *BALD MOUNTAIN* OPINION, LOSS OF MARKET
ADVANTAGE AND OUTPOSITIONING

A. THE *BALD MOUNTAIN* OPINION

The trial court and the parties attribute considerable significance to this Court's opinion in *Oakland County Bd of Co Rd Comm'rs v Bald Mountain West,* unpublished opinion per curiam of the Court of Appeals, issued February 14, 2008 (Docket No. 275230). *Bald Mountain* was an appeal from a judgment following a jury trial, and the issue presented on appeal was whether the trial court erred by allowing Bald Mountain's appraiser to testify regarding the reduction in value of Bald Mountain's property after a taking for a road extension. *Id.* at 1-2. The appraiser testified that the road extension allowed new competition for Bald Mountain's parcel, and that the competition reduced the value of Bald Mountain's parcel. *Id.* at 3. The appraiser testified that Bald Mountain had been " 'outpositioned' " in the marketplace. *Id.* Specifically, the appraiser testified that Bald Mountain's situation was unique because the taking allowed a road to be built that was superior to an existing road. *Id.* The jury awarded Bald Mountain less than one-half of the amount of compensation recommended by the appraiser. *Id.* at 2. This Court held that the trial court did not abuse its discretion by allowing the appraiser's testimony.

We note that nothing in *Bald Mountain* stands for the proposition that just compensation requires an

and are contractual rights and obligations between the developer and the unit owners and do not and cannot bind the township. Moreover, these contractual rights remained unaffected by the extension of a subterranean pipeline from a small portion of the McDonald's property to property outside the development.

award for a loss in competitive advantage. Rather, the *Bald Mountain* panel quoted the standard propositions regarding just compensation:

> " '[T]he "just compensation" required by the Fifth Amendment is measured by the property owner's loss rather than the government's gain[.]' " *Butler v State Disbursement Unit*, 275 Mich App 309, 312; 738 NW2d 269 (2007), quoting *Brown v Legal Foundation of Washington*, 538 US 216, 235-236 123 S Ct 1406; 155 L Ed 2d 376 (2003). "The purpose of just compensation is to put property owners in as good a position as they would have been had their property not been taken from them. The public must not be enriched at the property owner's expense, but neither should the property owner be enriched at the public's expense." *Dep't of Transporation v VanElslander*, 460 Mich 127, 129; 594 NW2d 841 (1999) (citation omitted). "[J]ust compensation includes all elements of value that inhere in the property[.]" *Silver Creek Drain Dist v Extrusions Div, Inc*, 468 Mich 367, 378; 663 NW2d 436 (2003) (citation omitted). [*Bald Mountain*, unpub op at 2.]

### B. PARTIES' ARGUMENTS

Plaintiff maintains that *Bald Mountain* is distinguishable from the present case and contends that defendant should not be allowed to prevent competition by obtaining a condemnation windfall. Plaintiff also challenges the trial court's factual finding that defendant's difficulty in marketing Lyon Crossing was attributable to the Saks dealership's decision to locate on the north side of I-96. In response, defendant argues that the devaluation of defendant's property is compensable in condemnation, both under *Bald Mountain* and under traditional condemnation law.

The brief of amicus curiae Michigan Townships Association labels the compensation award a "new theory of compensation" and warns that affirming the award

would seriously hinder future economic growth, particularly in commercial and industrial markets. We agree.

### C. ANALYSIS

In identifying the issues in the case and in formulating its decision, the trial court relied significantly on *Bald Mountain*. Citing *Bald Mountain*, the trial court identified one of the issues as "whether Defendant Milford Road East was outpositioned in the marketplace by the placement of the utility lines north of interstate 96 and east of Milford Road for the benefit of a Bob Saks GM dealership development." In addition, the trial court's opinion appears to attribute the following quote to *Bald Mountain*: " '[A] governmental action in an eminent domain matter which outpositions a landowner in the marketplace is compensable.' "

We cannot locate the quoted provision in the *Bald Mountain* opinion. Moreover, *Bald Mountain* does not support the trial court's holding. As noted previously in part III(A), the *Bald Mountain* opinion does not recognize "outpositioning" as a measure of damages.

The trial court's alternative ground for its ruling appears to be the court's conclusion that Saks should compensate defendant for some of the original cost of installing the utility lines. The court wrote:

> [T]his is a unique case whereby Republic West, LLC and Bob Saks prodded Plaintiff Charter Twp. of Lyon to undertake this condemnation action to obtain the utilities easement. Had Bob Saks and Republic West, LLC not demanded the utilities easement, the Plaintiff Charter Twp. of Lyon would not be subject to this damages claim. Furthermore, the Court notes that Defendant Milford Road East spent over $10,000,000.00 of its own money to bring utilities to Lyon Centers which the Plaintiff thereafter took without their approval and for the benefit [of] the Bob Saks development.

These statements do not justify the exponential enrichment the trial court's compensation award granted to defendant. The award placed defendant well above the amount necessary to put defendant in the position defendant would have been had the water and sewer easement not been taken. The award essentially erased the risk of market competition.

To allow an award for lost competitive advantage would be to allow the first developer in a geographic area to monopolize real estate by placing unreasonably high cost barriers for competitors to tap into public utility lines. One would not expect every person that legally accesses existing sewer lines to reimburse the original developer of the lines for the construction costs of the lines, or to pay the developer for every reduction in the developer's competitive position. Here, similarly, it was incorrect to require that defendant be compensated for a change in the real estate market.

IV. CONCLUSION

We conclude that the trial court erred when it determined that Lyon Centers was the "parcel" at issue in the present case. We also conclude that Lyon Crossing does not have a property interest in the easement located on the McDonald's unit. We further conclude that, under the present set of facts, Michigan law does not recognize "outpositioning" or "loss of market advantage" as an element of damages under the UCPA.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

SAAD, J., concurred with O'CONNELL, P.J.

BECKERING, J. (*concurring in part*). I concur in parts I and II, excepting footnote 4, of the majority opinion. I

agree that defendant Milford Road East Development Associates, L.L.C. (Milford Road East), retained a compensable, albeit limited, property interest in easements for the water and sewer lines at issue in the Lyon Towne Center property, which was separate and distinct from the property interest owned by McDonald's USA, L.L.C., in Unit 11 of that development. I also agree that, for the reasons set forth in the majority opinion, the record does not support a finding that Lyon Crossing, which is owned by Milford Road West Development Associates, L.L.C. (Milford Road West), is part of the "parcel" to be valued in this condemnation action as that term is defined in the Uniform Condemnation Procedures Act (UCPA), MCL 213.51(g).[1] The relevant determination is whether Milford Road East's retained property interest in the Lyon Towne Center property, as plainly defined by and derived from the Lyon Towne Center Master Deed and Bylaws, suffered any decrease in value resulting from the township's taking of the easement over a portion of the McDonald's property. Because Milford Road East's own expert testified that Lyon Towne Center suffered no change in value as a result of the township's taking of the easement, I join in the majority's conclusion that the trial court erred by awarding Milford Road East compensation for loss in the value of Lyon Crossing.

---

[1] To reiterate, as noted in part in the majority opinion, Lyon Towne Center and Lyon Crossing are owned by separate entities, are governed by separate master deeds and bylaws and are subject to separate Planned Development Agreements. Milford Road East owns Lyon Towne Center. Milford Road West owns Lyon Crossing. Although they are related entities in that the same individual signed both master deeds, Milford Road East has no property interest whatsoever in Lyon Crossing, and Milford Road West has no property interest whatsoever in Lyon Towne Center. Most notably, neither entity's deed grants any interest to any parent corporation or related entity, and nothing in the record establishes that the specific easement was subject to common ownership.

Having reached this conclusion, I find there to be no need to determine the nature or extent of the property interest retained by Milford Road East in the Lyon Towne Center property, nor whether Milford Road East would be entitled to recover damages for any loss caused by "outpositioning" in the marketplace or similar market-value loss suffered by Lyon Crossing. While these determinations would have been required had we instead concluded that Lyon Crossing was part of the "parcel" being valued under the UCPA, because we conclude otherwise, any discussion of these issues is unnecessary and hence, constitutes mere dicta. Thus, I respectfully decline to join in footnote 4 or in part III of the majority opinion.